# Exhibit 2

# TABLE OF CONTENTS

| Bates Nos. | Description | Filed By: |
|---|---|---|
| CG001-002 | Summons | Plaintiff |
| CG003 | Certificate of Compulsory Arbitration | Plaintiff |
| CG004-0011 | Complaint | Plaintiff |
| CG0012 | Certificate of Service | Process |
| CG0013-0019 | Answer | Defendant |
| CG0020-0030 | Joint Report | Parties |
| CG0031-0033 | Scheduling Order | Court |
| CG0034-0038 | Motion for Leave to File First Amended Complaint | Plaintiff |
| CG0039-0042 | Response in Opposition to Plaintiff's Motion for Leave to File First Amended Complaint | Defendant |
| CG0043-0046 | Plaintiff's Reply in Support of Motion for Leave to File First Amended Complaint | Plaintiff |
| CG0047-0048 | Order –Denial of Motion to Amend | Court |
| CG0049-0054 | Plaintiff's Renewed Motion for Leave to File First Amended Complaint | Plaintiff |
| CG055-0062 | Response in Opposition to Plaintiff's Renewed Motion for Leave to File First Amended Complaint | Defendant |
| CG0063-0067 | Plaintiff's Reply in Support of Renewed Motion for Leave to File First Amended Complaint | Plaintiff |
| CG0068-0069 | Stipulated Motion for Amendment of Scheduling Order | Parties |
| CG0070-0071 | Order re: Reassignment & Case Management | Court |
| CG0072-0073 | Order re: Reassignment & Dismissal | Court |

| CG0074-0075 | Order re: Ruling on Plaintiff's Renewed Motion for Leave to File First Amended Complaint (granting Motion in part) | Court |
|---|---|---|
| CG0076-0078 | Amended Scheduling Order | Court |
| CG0079-0090 | First Amended Complaint (redlined to highlight difference to original Complaint) | Plaintiff |
| CG0091-0092 | Notice of Acceptance of Service of First Amended Complaint | Defendant |

Person/Attorney Filing: Joel B Robbins
Mailing Address: 301 E. Bethany Home #B-100
City, State, Zip Code: Phoenix, AZ 85012
Phone Number: (602) 285-0100
E-Mail Address: cricket@robbinsandcurtin.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 011065, Issuing State: AZ

**CITY CLERK'S**

JUL 1 1 2018

**OFFICE**

2:05 PM

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF PINAL

Adrian Miranda
Plaintiff(s),
v.
City of Casa Grande
Defendant(s).

Case No.  S1100CV201801191

**SUMMONS**

To: City of Casa Grande

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 971 Jason Lopez Circle Building A, Florence, Arizona 85132 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of PINAL

SIGNED AND SEALED this date:*July 5, 2018*

*Amanda Stanford*
Clerk of Superior Court

By:*TGRABOWSKI*
Deputy Clerk



AZturboCourt.gov Form Set #2093353

**CG002**

FILED
Amanda Stanford
CLERK, SUPERIOR COURT
07/05/2018 11:53AM
BY: TGRABOWSKI
DEPUTY

Case No.: S1100CV201801191
HON. THE HON BRENDA E OLDHAM

Person/Attorney Filing: Joel B Robbins
Mailing Address: 301 E. Bethany Home #B-100
City, State, Zip Code: Phoenix, AZ 85012
Phone Number: (602) 285-0100
E-Mail Address: cricket@robbinsandcurtin.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 011065, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF PINAL

Adrian Miranda
Plaintiff(s),
v.
City of Casa Grande
Defendant(s).

Case No.

### CERTIFICATE OF COMPULSORY ARBITRATION

I certify that I am aware of the dollar limits and any other limitations set forth by the Local Rules of Practice for the Pinal County Superior Court, and I further certify that this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this

By: Joel B Robbins /s/
Plaintiff/Attorney for Plaintiff

AZturboCourt.gov Form Set #2892353

**CG003**

Joel B. Robbins
Lauren E. Channell
ROBBINS & CURTIN, P.L.L.C.
301 E. Bethany Home, #B-100
Phoenix, Arizona 85012-0001
Telephone: 602-285-0100
Facsimile: 602-265-0267
joel@robbinsandcurtin.com
reception@robbinsandcurtin.com

*Attorneys for Plaintiff*

FILED
Amanda Stanford
CLERK, SUPERIOR COURT
07/05/2018 11:53AM
BY: TGRABOWSKI
DEPUTY

Case No.: S1100CV201801191
HON. THE HON BRENDA E OLDHAM

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF PINAL

| | |
|---|---|
| **ADRIAN MIRANDA**, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>**CITY OF CASA GRANDE**, a municipality,<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT**<br><br>(Tort – Non-Motor Vehicle)<br><br>**Jury Trial Demanded** |

Plaintiff, Adrian Miranda, complains against Defendant City of Casa Grande and alleges as follows:

## PARTIES

1.   Adrian Miranda (hereinafter "Plaintiff") is a resident of Pinal County, Arizona.

2.   Defendant City of Casa Grande is a municipality and a political subdivision of the State of Arizona, organized and existing under the laws of the State of Arizona.

3.   For all state law claims asserted in this matter, Defendant City of Casa Grande is liable for the acts and omissions of their employees within the scope of their employment, including officers and other employees of the Casa Grande Police Department, under the doctrine of *respondeat superior*.

**CG004**

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

**JURISDICTION AND VENUE**

4.     Plaintiff has satisfied the provisions of A.R.S. § 12-821.01 by serving a timely Notice of Claim upon Defendant City of Casa Grande more than sixty (60) days prior to the date of filing this Complaint.  By operation of statute, the claim is deemed denied.

5.     The amount in controversy exceeds the jurisdictional threshold of the Court.

6.     Jurisdiction and venue are proper in this Court pursuant to A.R.S. § 12-401 because the events underlying this lawsuit occurred in Pinal County, Arizona.

7.     Plaintiff demands a jury trial.

**GENERAL ALLEGATIONS**

**A) The Underlying Events**

8.     On the evening of July 6, 2017, Plaintiff Adrian Miranda went bowling with his children and two friends.

9.     Plaintiff's son, Adrian Jr., drove the group home because Plaintiff had been drinking at the bowling alley.

10.     On the way home, Plaintiff became incoherent and agitated, possibly due to a negative interaction between a medical condition Plaintiff was experiencing and the alcohol he had consumed.

11.     Adrian Jr. drove Plaintiff's Ford F-250 into their neighborhood and stopped the truck at a stop sign.

12.     Plaintiff got out of the truck and began yelling incoherently.

13.     Adrian Jr. removed the keys and got out of the truck to check on Plaintiff.

14.     Plaintiff's daughter also got out of the truck and went home to get her other older brother, Eric.

15.     When Eric arrived at the scene, Adrian Jr. gave the Ford F-250 keys to him.

16.     Eric and Adrian Jr., worried for their father's safety, forced Plaintiff into the driver's seat of the truck to keep him safe and prevent him from walking into the road until he was able to calm down.

CG005

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ◆ Fax: (602) 265-0267

17.     A neighbor heard the commotion and contacted the Casa Grande Police Department.

18.     At approximately 9:11 p.m., Officer Richard Rush and Officer Campa of the Casa Grande Police Department arrived at the scene and found Plaintiff sitting in the driver's seat of the inactive truck.

19.     Eric gave the truck keys to the officers, and both Eric and Adrian Jr. informed the officers that Plaintiff had not been driving.

20.     The officers arrested Plaintiff for disorderly conduct and failure to comply with law enforcement and transported him to the Casa Grande Police Station.

**B) Officer Rush Lies to Obtain a Search Warrant for Plaintiff's Blood Draw.**

21.     After learning that Plaintiff was a U.S. Border Patrol Agent, Officer Rush told an intake officer, *"I got another live one. He's Border Patrol. No matter what he's already lost his license for a year."*

22.     The officers repeatedly tried to trick Plaintiff, who was confused and disoriented, including by attempting to mislead Plaintiff by telling him they found a second set of keys with a green fob in the Ford F-250.

23.     Plaintiff responded by informing the officers that the key ring with the green fob belonged to his work vehicle and did not contain a key to the Ford F-250.



24.     Officer Rush conducted a field sobriety test and subsequently arrested Plaintiff for driving under the influence, even though Plaintiff consistently stated that his son was the designated driver and that Plaintiff had not been driving and did not have the keys to the truck.

25.     Officer Rush asked Plaintiff to submit to a blood test, and Plaintiff—who was still disoriented and incoherent—appeared to refuse to consent to the test.

CG006

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ◆ Fax: (602) 265-0267

1      26.    Officer Rush left the room while another officer, Officer McKinney,

2  remained in the room with Plaintiff.

3      27.    At approximately 10:10 p.m., while in the room with Officer McKinney,

4  Plaintiff expressly gave his consent to the blood test. The exchange between Plaintiff and

5  Officer McKinney was caught on the police station's video surveillance cameras:

6          Plaintiff: Hey brother, hey, let the officer know I'm doing the, the bloodwork.

7

8          Officer McKinney: You want me to let them know you're doing bloodwork?

9          Plaintiff: Yeah, I'm doing bloodwork.

10        Officer McKinney: Alright.

11      28.    Officer McKinney immediately found Officer Rush and informed him that

12  Plaintiff had consented to the blood test. The video surveillance camera captured Officer

13  Rush's understanding that Plaintiff had granted permission for the blood test:

14          Officer McKinney: He says he's doing bloodwork.

15          Officer Rush: "He said he's doing bloodwork?"

16          Officer McKinney: "Yes."

17          Officer Rush: "Oh, no [expletive]."

18          Officer McKinney: Yep.

19      29.    At 10:26 p.m., despite knowing that Adrian had consented to the blood test,

20  Officer Rush executed an Affidavit in Support of Tele-Fax/Telephonic Search Warrant and

21  called Judge Ellsworth of the Casa Grande Justice Court to request a telephonic search

22  warrant for Plaintiff's blood draw.

23      30.    Officer Rush testified falsely that Plaintiff had refused to consent to the test

24  and that the truck's engine had been running while Plaintiff was in the driver's seat.

25      31.    Upon information and belief, Officer Campa was present for and witnessed

26  the proceeding.

27      32.    Judge Ellsworth issued the search warrant.

28      33.    The search warrant was executed at 11:59 p.m.

CG007

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 283-0100 ♦ Fax: (602) 265-0267

C) **Officer Rush Lies at the Administrative Hearing When Asked Whether Plaintiff Consented to a Blood Test.**

34.     On or about September 12, 2017, the Arizona Department of Transportation ("ADOT") held an administrative hearing pursuant to A.R.S. § 28-1321 to determine whether to impose a twelve-month implied-consent suspension of Plaintiff's driver's license.

35.     At the administrative hearing, Officer Rush falsely testified before Administrative Law Judge ("ALJ") Henderson that Plaintiff had refused to consent to the blood test. Officer Rush testified as follows:

> Judge Henderson: At any point before the service of the
> warrant did the Petitioner change his mind and tell you that he
> would take the test?
> Officer Rush: No, ma'am.

36.     Officer Rush also falsely testified that the truck's engine had been running and that Plaintiff's son reached through the passenger-side window and removed the keys while Plaintiff was seated in the driver's seat.

37.     At that time, the video surveillance recordings, which directly contradict Officer Rush's testimony, had not been disclosed or made available to Plaintiff, and therefore, the video surveillance recordings were not admitted at the administrative hearing.

38.     On September 14, 2017, the ALJ entered an order affirming the suspension of Plaintiff's license for a period of twelve months beginning on October 12, 2017. The ALJ's decision was based Officer Rush's false testimony that Plaintiff refused to submit to the test and "[a]t no point before the service of the warrant did the Petitioner change his mind and recant."

39.     When the video recordings were finally made available to Plaintiff, it became clear that the video recordings established that Plaintiff had consented to the blood test and that Officer Rush had provided false testimony at the administrative hearing.

CG008

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ◆ Fax: (602) 265-0267

40.    Plaintiff appealed the administrative decision, and Plaintiff and ADOT subsequently stipulated to remand the case to the administrative agency for a rehearing.

41.    Plaintiff's license suspension was stayed on or about March 23, 2018, pending the outcome of the administrative rehearing.

42.    From the time that Plaintiff's license was suspended on October 12, 2017 to the time the suspension was stayed on March 23, 2018, Plaintiff was reassigned from his normal work duties as an active U.S. Border Patrol agent to a non-patrol assignment, which paid $869.00 less per pay period.

43.    Officer Rush's false statements resulted in the loss of Plaintiff's driving privileges, jeopardized Plaintiff's job, and caused Plaintiff to suffer considerable lost wages and other damages.

## COUNT I

### Negligence/Gross Negligence

44.    Plaintiff re-alleges the foregoing paragraphs as if fully set forth herein.

45.    Defendant City of Casa Grande knew, or should have known, that the investigation and arrest of Plaintiff for driving under the influence was meritless.

46.    Defendant knew, or should have known, that there was no probable cause to believe Plaintiff had been driving or was in actual physical control of the truck.

47.    Moreover, Defendant and its officers knew that Plaintiff provided his consent to have his blood drawn, and therefore, there was no basis to suspend Plaintiff's license pursuant to the implied consent statute, A.R.S. § 28-1321.

48.    Defendant knew that its officers had investigatory powers that gave them the ability to cause significant damage to those they investigated.

49.    Defendants failed to adequately train and supervise its police officers, including Officer Rush.

50.    Plaintiff suffered damages as a result of Defendant's negligent or grossly negligent failure to train and supervise its officers regarding investigations and appropriate investigatory methods.

CG009

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

## COUNT II

### Abuse of Process

51. Plaintiff re-alleges the foregoing paragraphs as if fully set forth herein.

52. The elements for an abuse of process claim are "an ulterior purpose and a willful act in the use of judicial process not proper in the regular conduct of the proceeding." *Bird v. Rothman*, 128 Ariz. 599, 602, 627 P.2d 1097, 1100 (App. 1981).

53. Defendant City of Casa Grande, through its employees, had an ulterior purpose for its deprivation of Plaintiff's driver's license.

54. Defendant's ulterior motive is apparent from Officer Rush's statement to an intake officer: "I got another live one. He's Border Patrol. No matter what he's already lost his license for a year."

55. Officer Rush knew that Plaintiff was a Border Patrol employee and knew or should have known that Plaintiff was required to possess a valid driver's license for his job.

56. Officer Rush knew that lying about Plaintiff's consent to the implied consent blood test when he obtained the telephonic search warrant and when he testified at the subsequent administrative hearing would result in Plaintiff losing his driver's license for twelve months.

57. Officer Rush took willful action and improperly used the judicial process when he demanded that Plaintiff submit to the implied consent blood test, ignored Plaintiff's consent to the test, misstated and concealed evidence when obtaining the telephonic search warrant, and misstated and concealed evidence when testifying in the administrative hearing.

58. Defendant's abuse of process caused injury, damage, or loss to Plaintiff.

## COUNT III

### Intentional Infliction of Emotional Distress (City of Casa Grande)

59. Plaintiff re-alleges the foregoing paragraphs as if fully set forth herein.

60. The actions of Defendant City of Casa Grande and its agents and employees

CG0010

were intentional and/or reckless.

61. Defendant's conduct was extreme and outrageous.

62. Defendant's actions caused Plaintiff to suffer emotional distress.

63. Plaintiff has suffered and continues to suffer extreme emotional distress as a result of Defendant's conduct.

### JURY DEMAND

64. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. For special and general compensatory damages;

B. For other general damages, including but not limited to, mental and emotional pain and suffering, loss of enjoyment of life, and damage to reputation;

C. For exemplary damages to the extent permitted by law;

D. For taxable costs and pre- and post-judgment interest to the extent permitted by law; and

E. For such other relief as the Court deems just and appropriate.

RESPECTFULLY SUBMITTED: July 3, 2018

ROBBINS & CURTIN, p.l.l.c.

By: _____

Joel B. Robbins
*Attorney for Appellant Adrian Miranda*

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

CG0011

Rickie McTheny (MARICOPA COUNTY#8315)
JBN LEGAL SUPPORT SERVICE, L.L.C.
8910 N. CENTRAL AVE.
Phoenix, AZ 85020
623-229-9291

## PINAL COUNTY SUPERIOR COURT

ADRIAN MIRANDA
          Plaintiff
          and

CITY OF CASA GRANDE
          Defendant

Case No: S-1100CV201801191

CERTIFICATE OF SERVICE
BY A PRIVATE PERSON
Arizona Rules of Court 80(1)

Type of Document(s)    SUMMONS; COMPLAINT; CERTIFICATE RE COMPULSORY ARBITRATION

I personally served true copies of the above listed documents on the person listed below.

ENTITY SERVED:    CITY OF CASA GRANDE
HOW SERVED:     PERSONALLY ON GLORIA LEIJA accepting service CITY CLERK
AT:             510 FLORENCE BLVD, CASA GRANDE, AZ
ON:            JULY 11, 2018
TIME:          2:05 PM

The undersigned certifies under penalty of perjury that I am fully qualified under 4(d), 4(c), and 45(d) to serve process in this action within the state of Arizona; having been so appointed and registered by the Superior Court of Maricopa County, Arizona, and that the above is true and accurate.

DECLARANT:           _Rickie McTheny_
               Rickie McTheny
               d.b.a. JBN Legal Support Service, L.L.C.
               JULY 16, 2018

CHARGE:
DOC FEE:        $ 20.00
MILEAGE:       $ 106.00
ISSUE/PICK UP:   $ 12.00
CERT FEE:       $ 5.00
TOTAL:         $ 143.00
JR

CG0012

Larry J. Crown (SBN 013133)
Elan S. Mizrahi (SBN 017388)
**TITUS BRUECKNER & LEVINE PLC**
8355 East Hartford Drive, Suite 200
Scottsdale, Arizona  85255
Telephone:    480-483-9600
Facsimile:     480-483-3215
Emails:       lcrown@tbl-law.com
              elan@tbl-law.com

*Attorneys for Defendant City of Casa Grande*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF PINAL**

| | |
|---|---|
| ADRIAN MIRANDA, an individual, | Case No. S1100CV201801191 |
| Plaintiff, | **ANSWER** |
| vs. | **Jury Trial Requested** |
| CITY OF CASA GRANDE, a municipality, | (Assigned to the Hon. Brenda E. Oldham) |
| Defendant. | |

Defendant City of Casa Grande ("Casa Grande"), by and through its undersigned counsel, and for its answer to Plaintiff's Complaint, hereby admits, denies and alleges as follows:

**PARTIES**

1.      Casa Grande has insufficient information to either admit or deny the allegations contained in paragraph 1, therefore denies the same and demands strict proof thereof.

2.      Casa Grande admits the allegations contained in paragraph 2.

3.      Casa Grande denies the allegations contained in paragraph 3.

**GENERAL ALLEGATIONS**

4.      Casa Grande has insufficient information to either admit or deny the

CG0013

**TITUS BRUECKNER & LEVINE PLC**
8355 East Hartford Drive – Suite 200
Scottsdale, AZ  85255
480-483-9600

**TITUS BRUECKNER & LEVINE PLC**
8355 East Hartford Drive – Suite 200
Scottsdale, AZ 85255
480-483-9600

allegations contained in paragraph 4, therefore denies the same and demands strict proof thereof.

5.      Casa Grande has insufficient information to either admit or deny the allegations contained in paragraph 5, therefore denies the same and demands strict proof thereof.

6.      Casa Grande admits that jurisdiction and venue are proper but denies the remaining allegations contained in paragraph 6.

7.      Casa Grande also demands a jury trial.

### GENERAL ALLEGATIONS

8.      Casa Grande has insufficient information to either admit or deny the allegations contained in paragraph 8, therefore denies the same and demands strict proof thereof.

9.      Casa Grande has insufficient information to either admit or deny the allegations contained in paragraph 9, therefore denies the same and demands strict proof thereof.

10.      Casa Grande has insufficient information to either admit or deny the allegations contained in paragraph 10, therefore denies the same and demands strict proof thereof.

11.      Casa Grande has insufficient information to either admit or deny the allegations contained in paragraph 11, therefore denies the same and demands strict proof thereof.

12.      Casa Grande has insufficient information to either admit or deny the allegations contained in paragraph 12, therefore denies the same and demands strict proof thereof.

13.      Casa Grande has insufficient information to either admit or deny the allegations contained in paragraph 13, therefore denies the same and demands strict proof thereof.

14.      Casa Grande has insufficient information to either admit or deny the

CG0014

allegations contained in paragraph 14, therefore denies the same and demands strict proof thereof.

15.     Casa Grande has insufficient information to either admit or deny the allegations contained in paragraph 15, therefore denies the same and demands strict proof thereof.

16.     Casa Grande has insufficient information to either admit or deny the allegations contained in paragraph 16, therefore denies the same and demands strict proof thereof.

17.     Casa Grande has insufficient information to either admit or deny the allegations contained in paragraph 17, therefore denies the same and demands strict proof thereof.

18.     Casa Grande denies the allegations contained in paragraph 18.

19.     Casa Grande denies the allegations contained in paragraph 19.

20.     Casa Grande denies the allegations contained in paragraph 20.

21.     Casa Grande denies the allegations contained in paragraph 21.

22.     Casa Grande denies the allegations contained in paragraph 22.

23.     Casa Grande denies the allegations contained in paragraph 23.

24.     Casa Grande denies the allegations contained in paragraph 24.

25.     Casa Grande denies the allegations contained in paragraph 25.

26.     Casa Grande has insufficient information to either admit or deny the allegations contained in paragraph 26, therefore denies the same and demands strict proof thereof.

27.     Casa Grande denies the allegations contained in paragraph 27.

28.     Casa Grande denies the allegations contained in paragraph 28.

29.     Casa Grande denies the allegations contained in paragraph 29.

30.     Casa Grande denies the allegations contained in paragraph 30.

31.     Casa Grande has insufficient information to either admit or deny the allegations contained in paragraph 31, therefore denies the same and demands strict proof

CG0015

thereof.

32.     Casa Grande admits the allegations contained in paragraph 32.

33.     Casa Grande admits the allegations contained in paragraph 33.

34.     Casa Grande has insufficient information to either admit or deny the allegations contained in paragraph 34, therefore denies the same and demands strict proof thereof.

35.     Casa Grande denies the allegations contained in paragraph 35.

36.     Casa Grande denies the allegations contained in paragraph 36.

37.     Casa Grande denies the allegations contained in paragraph 37.

38.     Casa Grande denies the allegations contained in paragraph 38.

39.     Casa Grande denies the allegations contained in paragraph 39.

40.     Casa Grande has insufficient information to either admit or deny the allegations contained in paragraph 40, therefore denies the same and demands strict proof thereof.

41.     Casa Grande has insufficient information to either admit or deny the allegations contained in paragraph 41, therefore denies the same and demands strict proof thereof.

42.     Casa Grande has insufficient information to either admit or deny the allegations contained in paragraph 42, therefore denies the same and demands strict proof thereof.

43.     Casa Grande denies the allegations contained in paragraph 43.

## COUNT I

### Negligence/Gross Negligence

44.     Casa Grande incorporates all of the foregoing allegations in this Answer as if fully set forth herein.

45.     Casa Grande denies the allegations contained in paragraph 45.

46.     Casa Grande denies the allegations contained in paragraph 46.

47.     Casa Grande denies the allegations contained in paragraph 47.

CG0016

TITUS BRUECKNER & LEVINE PLC
8355 East Hartford Drive – Suite 200
Scottsdale, AZ 85255
480-483-9600

48.     Casa Grande denies the allegations contained in paragraph 48.

49.     Casa Grande denies the allegations contained in paragraph 49.

50.     Casa Grande denies the allegations contained in paragraph 50.

## COUNT II

### Abuse of Process

51.     Casa Grande incorporates all of the foregoing allegations in this Answer as if fully set forth herein.

52.     Casa Grande denies the allegations contained in paragraph 52.

53.     Casa Grande denies the allegations contained in paragraph 53.

54.     Casa Grande denies the allegations contained in paragraph 54.

55.     Casa Grande denies the allegations contained in paragraph 55.

56.     Casa Grande denies the allegations contained in paragraph 56.

57.     Casa Grande denies the allegations contained in paragraph 57.

58.     Casa Grande denies the allegations contained in paragraph 58.

## COUNT III

### Intentional Infliction of Emotional Distress (City of Casa Grande)

59.     Casa Grande incorporates all of the foregoing allegations in this Answer as if fully set forth herein.

60.     Casa Grande denies the allegations contained in paragraph 60.

61.     Casa Grande denies the allegations contained in paragraph 61.

62.     Casa Grande denies the allegations contained in paragraph 62.

63.     Casa Grande denies the allegations contained in paragraph 63.

## DEMAND FOR JURY TRIAL

Casa Grande demands a jury trial in this matter.

## AFFIRMATIVE DEFENSES

1.     Casa Grande denies any allegation not specifically admitted.

2.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3.     Plaintiff's damages, if any, were wholly or proximately caused or contributed

CG0017

to by Plaintiff's own intentional and negligent conduct or the intentional or negligent conduct of persons or entities over which Casa Grande has no control.

4.      Casa Grande's conduct was, at all times, lawful and within the appropriate standard of care.

5.      Casa Grande did not breach any duty.

6.      Plaintiff's claims of damages lack causation.

7.      Plaintiff's damages claim amount is speculative.

8.      Plaintiff has failed to mitigate his damages.

9.      Casa Grande is protected by absolute and qualified immunity.

10.     Casa Grande is not liable pursuant to the immunity provisions of A.R.S. § 12-820, et seq.

11.     A.R.S. § 12-820.04 provides that neither public entities nor public employees are liable for punitive damages.

12.     Casa Grande reserves and asserts all affirmative defenses contained in Rules 8(c) Ariz.R.Civ.P.

WHEREFORE, having fully answered Plaintiffs' Complaint, Casa Grande requests that same be dismissed, that Plaintiff take nothing thereby, for Casa Grande's costs incurred herein pursuant to A.R.S. § 12-341, and for such other and further relief as this Court deems just and equitable under the circumstances.

DATED this __13th__ day of August, 2018.

TITUS BRUECKNER & LEVINE PLC


By: /s/ *Larry J. Crown*
Larry J. Crown
Elan S. Mizrahi
*Attorneys for City of Casa Grande*

CG0018

ORIGINAL of the foregoing filed
electronically via AZTurboCourt on
this __13th__ day of August, 2018 with:

The Clerk of the Court
Maricopa County Superior Court
201 West Jefferson Street
Phoenix, Arizona 85003-2243

COPY of the foregoing delivered
electronically this __13th__ day of
August, 2018 to:

The Honorable Brenda Oldham
Pinal County Superior Court Judge

COPY of the foregoing emailed and
mailed on this __13th__ day of August,
2018 to:

Joel B. Robbins, Esq.
Lauren E. Channell
Robbins & Curtin, PLLC
301 E. Bethany Home Road, Suite B-100
Phoenix, AZ 85012
Joel@robbinsandcurtin.com
reception@robbinsandcurtin.com
*Attorneys for Plaintiffs*

/s/ *Karin A. Meister*
_____
8962-063

**TITUS BRUECKNER & LEVINE PLC**
8355 East Hartford Drive – Suite 200
Scottsdale, AZ 85255
480-483-9600

- 7 -

CG0019

Joel B. Robbins
Lauren E. Channell
ROBBINS & CURTIN, P.L.L.C.
301 E. Bethany Home, #B-100
Phoenix, AZ     85012-0001
Telephone: 602-285-0100
Fax: 602-265-0267
joel@robbinsandcurtin.com
reception@robbinsandcurtin.com

*Attorneys for Plaintiff*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF PINAL**

| | |
|---|---|
| **Adrian Miranda**, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>**City of Casa Grande**, a municipality,<br><br>Defendant. | Case No. **S1100CV201801191**<br><br>**JOINT REPORT**<br><br>**(Tier 2 case)**<br><br>**(Assigned to the Honorable Brenda Oldham)** |

The parties signing below certify that they participated in an Early Meeting on September 11, 2018 and conferred about the matters set forth in Rule 16(b)(2) and (c)(3), and that this case is not subject to the mandatory arbitration provisions of Rule 72. With regard to matters upon which the parties could not agree, they have set forth their positions separately in item 13 below. The parties are submitting a Proposed Scheduling Order with this Joint Report. Each date in the Joint Report and in the Proposed Scheduling Order includes a calendar month, day, and year.

**Summary of Rule 16(b) Early Meeting Summary of Rule 16(b) Early Meeting**:

***Plaintiff:*** At the early meeting on September 11, 2018 Plaintiff's counsel advised defense counsel that his Initial Disclosure would include video from inside the Casa Grande Police Department showing that the officer who procured the search warrant for Plaintiff's blood (Officer Rush), in order to have Plaintiff's license suspended, ignored his

CG0020

**ROBBINS & CURTIN, P.L.L.C.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

fellow officer's statement that the Plaintiff consented to the blood draw, and obtained the search warrant anyway. Subsequently, Rush also lied to ALJ Henderson at the 9/12/2017 license suspension hearing when he stated on the record that Plaintiff never consented to the blood draw. Plaintiff's lawyer stated that he felt these facts made an early resolution of the case by settlement advantageous to Defendant

*Defendant:* Defense counsel disagreed with Plaintiff's counsel, denied Plaintiff's allegations, and denied that Casa Grande was liable.

**1.    Brief description of the case:**

*Plaintiff:* On July 6, 2017, Plaintiff went bowling with his children and friends. Plaintiff's then 17-year-old son, Adrian Matthew, drove the group home because Plaintiff had been drinking at the bowling alley. Plaintiff and his son got into an argument, so Matthew stopped the truck on a residential street in their neighborhood, turned the truck off, and removed the keys. When Plaintiff got out of the truck, Matthew and his newly arrived brother Eric forced Plaintiff into the driver's seat of the truck to keep him safe and prevent him from walking into the road until he was able to calm down. However, a neighbor heard the commotion and called the Casa Grande Police Department.

At approximately 9:11 p.m., Casa Grande Officers Richard Rush and Campa-Molina arrived and found Plaintiff sitting in the driver's seat of the inactive truck. Eric and Matthew explained that their father had not been driving, but the officers arrested Plaintiff for disorderly conduct and failure to comply with law enforcement.

At the police station, the interactions between Casa Grande Police officers and Plaintiff were captured on the in-house video surveillance. It shows that:

Plaintiff repeatedly tried to explain that he had not driven the truck and that the set of keys with a green fob that officer found inside the vehicle belonged to his work truck. After learning that Plaintiff was a U.S. Border Patrol Agent, Officer Rush told another officer: "I got another live one. . . . He's Border Patrol. . . . No matter what he's already lost his license for a year."

/ / /

CG0021

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ◆ Fax: (602) 265-0267

Officer Rush conducted a field sobriety test, with which Plaintiff complied, and Officer Rush then arrested him for driving under the influence. Officer Rush asked Plaintiff to submit to a blood test; Plaintiff initially refused, but then advised Officer McKinney that he consented to the blood work. McKinney immediately advised Officer Rush of Plaintiff's consent, and Rush acknowledged. But Rush nevertheless ignored Plaintiff's consent and called up a local judge for a telephonic search warrant for the blood test. Upon returning to the room where Plaintiff was seated, Officer Rush stated: "You're done. . . . Your license is suspended for one year from this day forward."

Plaintiff later contested the suspension of his license and a hearing was had at the Office of Administrative Hearings on September 9, 2017, but Plaintiff had not yet procured the video surveillance from CGPD; his appeal was based on the fact that he had not been driving. The Administrative Law Judge even specifically asked Officer Rush whether Plaintiff had at any point consented to the blood test; Officer Rush lied and said, "No, m'am." The suspension was upheld, based on Plaintiff's refusal to consent to the blood test.

When Plaintiff did procure the CGPD video and discovered that he had consented to the blood test, he requested a rehearing, based on the new and undisputable video evidence. After a hearing on July 12, 2018, the license suspension was voided by ALJ Reid's order of July 23, 2018.

During the time his license was suspended and the rehearing was pending, Plaintiff was placed on administrative-only duties at his job with the U.S. Border Patrol, at reduced pay. He also had to cease making deposits into his retirement plan to try to make up for the loss of income to his household. He was warned the USBP was considering firing him since he had lost his license. He was under constant stress and experienced extreme anxiety for months, not knowing if or when he might suddenly lose his job.

***Defendants:*** In summary, on July 6, 2017 at 21:11 hours, Adrian Miranda was a very intoxicated, belligerent man who was in actual physical control of his blue Ford F250 truck. Casa Grande police had reasonable grounds to believe that he was in actual physical

CG0022

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ◆ Fax: (602) 265-0267

1  control of a motor vehicle while under the influence of intoxicating liquor and had

2  probable cause to arrest him and take him to the Casa Grande Police Department for

3  investigation. The officers' actions and beliefs were reasonable under the totality of

4  circumstances.

5  Casa Grande Officers Rush and Campa, who were working a two-man unit

6  Community Response Team ("CRT"), responded to calls of a disturbance at Paradise Way

7  and Lady Lake Lane. Miranda was sitting in his blue Ford F250 which was stationary in a

8  vehicle lane of traffic. The truck headlights and taillights were activated along with the

9  vehicle engine. The vehicle brake lights were applied, momentarily released, then

10 reapplied. Miranda had been at a nearby bowling alley with a neighbor, Miranda's 17-

11 year-old son Adrian and the neighbor's son. Miranda drank at least six beers earlier and

12 was significantly intoxicated. Miranda was given several verbal commands to exit his

13 truck and he refused to comply. Verbal commands were given over the police vehicle's

14 external speaker for several minutes until Miranda exited the vehicle. Miranda staggered

15 around his truck trying to walk towards the police. The police smelled a strong odor of

16 alcohol on Miranda's person and Miranda had blood-shot, watery eyes and was slurring his

17 speech.

18 At the station Officer Rush administered the horizontal gaze nystagmus test on

19 Miranda and obtained six clues of HGN, lack of smooth pursuit, maximum deviation and

20 angle of onset prior to 45 degrees. Miranda was only wearing one boot which was on his

21 right foot and his left foot just had a sock on it. He was disheveled. Miranda was extremely

22 uncooperative and acting belligerent. Miranda then submitted to a portable breath test

23 which resulted in a reading of .137%. Miranda was arrested for DUI.

24 Miranda was yelling and stating he was a border patrol agent. After receiving his

25 Miranda rights, Miranda admitted that he was sitting in the driver's seat of his truck in the

26 middle of the road with the engine running. Miranda admitted to consuming six Bud Light

27 beers and his first beer was around 15:00 hours. Officer Rush began to read Miranda the

28 admin per se/implied consent affidavit. Miranda kept interrupting and was loud, yelling

CG0023

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ◆ Fax: (602) 265-0267

and being disrespectful. Officer Rush asked Miranda to submit to the chemical sample which would be a blood draw and Miranda refused. Miranda's refusal prompted Officer Rush to complete a search warrant and affidavit for a blood sample. Miranda was so combative and uncooperative he had to be placed in a restraint chair. Casa Grande Justice Court Judge Ellsworth granted the search warrant. Once in the restraint chair, law enforcement phlebotomist Officer McKinney attempted to take a blood draw. Officer McKinney was unable to do so based on Miranda's behavior. An outside company, Desert Testing Services, was contacted to conduct the blood draw at Casa Grande Police Department.

While waiting for the nurse to arrive from Desert Testing Services, Miranda continued to be verbally aggressive. Miranda was escorted to the bathroom several times. Miranda wanted to stand up but was unable to do so unassisted due to his high level of intoxication. At times Miranda would want to go to the bathroom and then he would fall asleep in the chair. At one point Miranda urinated all over himself and on the floor. Miranda woke up, realized he was urinating all over himself, and began to yell at Officer Rush as if it was his fault for him urinating. After the blood draw was taken, Miranda was released from police custody to his wife. Miranda began to cry and apologized for his behavior and stated he did not remember anything.

Officer Campa noted that Miranda could not maintain his balance when he exited his truck. Miranda was crying hysterically at the scene. Officer Campa also noted that Miranda was extremely belligerent and did not want to cooperate with instructions.

While in the restraint chair, Officer Campa had to physically clench Miranda's fist while Officer McKinney attempted the blood draw which was unsuccessful.

At one point Miranda requested to speak to his supervisor at border patrol. Miranda is a border patrol officer. Miranda was heard to advise his duty supervisor that "he was so fucked up and he was at the Casa Grande police station." Miranda then asked his supervisor to "pick him up."

CG0024

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

On September 12, 2017, and MVD administrative hearing was held before Administrative Law Judge Christina Henderson. The hearing was pursuant to A.R.S. § 28-1321. The purpose of the hearing was to determine whether Miranda's Arizona driver's license/driver privileges should be suspended for a period of 12 months in consequence of Miranda's alleged refusal to submit to or successfully complete a test for determination of blood/alcohol concentration.

Judge Henderson found that on July 6, 2017, at around 9:11 p.m. Miranda was sitting in the driver's seat of his truck that was parked by the intersection of Paradise Way and Lady Lake Lane in a traffic lane. The vehicle lights were on, the engine was running, and the brake was periodically depressed. Police requested Miranda to exit the vehicle and Miranda did not initially comply. Miranda had one shoe on and was disheveled. His eyes were bloodshot and watery and a strong odor of alcohol was omitting from him.

Officer Rush followed and complied with Arizona law regarding the admin per se/implied consent affidavit. The findings also noted that Miranda's 20-year-old son Eric testified that his dad was incoherent and insulting. The Court noted that driving is a privilege not a right. Officer Rush had reasonable grounds to believe that Miranda had been in actual physical control of his vehicle while under the influence of intoxicating liquor. Officer Rush's testimony was found to be sufficiently credible. It is undisputed that Miranda occupied the driver's seat of the truck for around 10 minutes. The truck was parked in the middle of a traffic lane, at an intersection, and therefore was not legally parked. Miranda was awake, coherent, uncooperative, and had depressed the brakes several times. Officer Rush believed the engine was running and the headlights were on. Miranda failed the HGN test and the field sobriety test. It was reasonable for Officer Rush to arrest Miranda for DUI. Miranda did not consent to a blood test. Judge Henderson found that the scope of the hearing had been met and the order of suspension was affirmed.

On July 12, 2018, a rehearing was held before Administrative Law Judge Alyssa B. Reid. Judge Reid found, based upon the facts and circumstances known to the officers at the time of Miranda's arrest, that it was reasonable for the officers to have believed that

CG0025

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ◆ Fax: (602) 265-0267

Miranda had been in actual physical control of the vehicle and to have arrested Miranda for DUI. Judge Reid found that there was no dispute at the hearing that Petitioner was informed of the consequences of refusal to submit to a blood test, and that he initially refused to consent to the test. Judge Reid found that Miranda had recanted his initial refusal and consented to the blood test. The Order of Suspension was voided.

In his Complaint, Plaintiff alleges three state torts: Count One, Negligence/Gross Negligence; Count Two, Abuse of Process; and Count Three, Intentional Infliction of Emotional Distress. These three counts are based on Plaintiff's allegation that Casa Grande Police Officers Rush lied under oath: (1) to the Judge to obtain a search warrant to draw blood, falsely claiming that Miranda was in actual physical control of the Ford F250 and that Miranda refused the blood test; and (2) that Officers Rush and Campa lied under oath at the two MVD hearings.

Casa Grande denies these baseless allegations and maintains that Officer Rush testified truthfully and credibly to the Judge who issued the search warrant and that Officers Rush and Campa testified truthfully and credibly at the two MVD hearings. Casa Grande also denies the damages Plaintiff is seeking.

**2.** **Current case status:**

Every defendant has been served or dismissed:

☒ YES ☐ NO

Every party who has not been defaulted has filed a responsive pleading:

☒ YES ☐ NO

Explanation of a "no" response to either of the above statements:

**3.** **Amendments:**

A party anticipates filing an amendment to a pleading that will add a new party to the case:

☒ YES ☐ NO

**4.** **Settlement:**

CG0026

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

The parties agree to engage in settlement discussions with a settlement judge assigned by the court, or a private mediator.

The parties will be ready for a settlement conference or a private mediation by **June 1, 2019**.

If the parties will not engage in a settlement conference or a private mediation, state the reason(s): _____

**5.** **Readiness:**

This case will be ready for trial by: **October 1, 2019.**

**6.** **Jury:**

A trial by jury is demanded:

☒ YES ☐ NO

**7.** **Length of trial:**

The estimated length of trial is **6** days.

**8.** **Summary jury:**

The parties agree to a summary jury trial:

☐ YES ☒ NO

**9.** **Preference:**

This case is entitled to a preference for trial pursuant to the following statute or rule: **N/A**

**10.** **Special requirements:**

☐ At a pretrial conference or ☐ at trial, a party will require:

☐ disability accommodations (specify) _____

☐ an interpreter (specify language) _____

**11.** **Scheduling conference:**

The parties request a Rule 16(d) scheduling conference:

☐ YES ☒ NO

CG0027

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ◆ Fax: (602) 265-0267

**12.** **Other matters:**

Other matters that the parties wish to bring to the court's attention that may affect management of this case: **N/A**

**13.** **Items upon which the parties do not agree:**

The parties were unable in good faith to agree upon the following items, and the position of each party as to each item is as follows: **N/A**

DATED: September 27, 2018.

**ROBBINS & CURTIN, p.l.l.c.**


By: _____/s/  Joel B. Robbins_____
       Joel B. Robbins
       *Attorney for Plaintiff Adrian Miranda*

**TITUS, BRUECKNER & LEVINE, PLC**


By: _____/s/  Larry J. Crown_____
       Larry J. Crown
       *Attorney for Defendant City of Casa Grande*

CG0028

**GOOD FAITH CONSULTATION CERTIFICATE**

**Pursuant to A.R.C.P. Rule 7.1(h)**

The undersigned certifies that he has conferred in good faith with opposing counsel regarding the creation of this Joint Report and attempted to cooperatively resolve any issues and differences regarding the parties' views on the case and on case management and scheduling.

DATED  September 27, 2018.

ROBBINS & CURTIN, PLLC

By _____/s/  Joel B. Robbins_____
       Joel B. Robbins,
       *Attorney for Plaintiff*

CG0029

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

**CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2018, I electronically transmitted the attached document to the Clerk's Office using the TurboCourt System for filing and transmittal of a Notice of Electronic Filing to the following TurboCourt registrants:

Larry J. Crown
Elan S. Mizrahi
TITUS, BRUECKNER & LEVINE, PLC
8355 E. Hartford Dr., #200
Scottsdale, AZ    85255
lcrown@tbl-law.com
elan@tbl-law.com
(kmeister@tbl-law.com)
*Attorneys for Defendant City of Casa Grande*

By    /s/  Cricket Bourget

CG0030

FILED
Amanda Stanford
CLERK, SUPERIOR COURT
10/08/2018 11:56AM
BY: SGLORIA
DEPUTY

1 Joel B. Robbins
Lauren E. Channell
2 ROBBINS & CURTIN, P.L.L.C.
301 E. Bethany Home, #B-100
3 Phoenix, AZ    85012-0001
Telephone: 602-285-0100
4 Fax: 602-265-0267
5 joel@robbinsandcurtin.com
reception@robbinsandcurtin.com
6

7 *Attorneys for Plaintiff*

8 **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9 **IN AND FOR THE COUNTY OF PINAL**

10 **Adrian Miranda**, an individual,                Case No. **S1100CV201801191**

11

12                    Plaintiff,                **PROPOSED SCHEDULING ORDER**

            vs.
                                        **(Tier 2 case)**
13

**City of Casa Grande**, a municipality,
14

15                    Defendant.

16

17        Upon consideration of the parties' Joint Report, the court orders as follows:

18        This case is assigned to discovery Tier 2, pursuant to Rule 26.2.

19        1.        **Initial disclosure:** The parties have exchanged their initial disclosure

20 statements.

21        2.        **Expert witness disclosure:** Plaintiff shall disclose the identity and opinions

22 of experts by **February 14, 2018**, and Defendants shall disclose the identity and opinions of

23 experts by **April 18, 2019**. The parties shall simultaneously disclose their rebuttal expert

24 opinions by **May 1, 2019**.

25        3.        **Lay (non-expert) witness disclosure:** The parties shall disclose all lay

26 witnesses by **April 1, 2019**.

27

28

**CG0031**

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

4.  **Final supplemental disclosure:** Each party shall provide final supplemental disclosure by **May 9, 2019**. This order does not replace the parties' obligation to seasonably disclose Rule 26.1 information on an on-going basis and as it becomes available.

No party shall use any lay witness, expert witness, expert opinion, or exhibit at trial not disclosed in a timely manner, except upon order of the court for good cause shown or upon a written or an on-the-record agreement of the parties.

5.  **Discovery deadlines:** Tier 2 cases are permitted 180 days in which to complete discovery. The time to complete discovery runs from the date of the Early Meeting. The parties will propound all discovery undertaken pursuant to Rules 33 through 36 by **March 4, 2019**. The parties will complete the depositions of parties and lay witnesses by **April 11, 2019**. The parties will complete all other discovery by **May 1, 2019**. ("Complete discovery" includes conclusion of all depositions and submission of full and final responses to written discovery.)

6.  **Private mediation:** The parties shall participate in mediation using a private mediator agreed to by the parties. The parties shall complete the mediation by **June 1, 2019**.

All attorneys and their clients, all self-represented parties, and any non-attorney representatives who have full and complete authority to settle this case shall personally appear and participate in good faith in this mediation, even if no settlement is expected. However, if a non-attorney representative requests a telephonic appearance and the mediator grants the request prior to the mediation date, a non-attorney representative may appear telephonically.

7.  **Dispositive motions and trial:** The parties shall file all dispositive motions by **June 14, 2019**. The parties propose a trial date of no later than **October 1, 2019** and anticipate the number of days for trial to be **three (3)** days.

8.  **Trial setting conference:** On **Friday, July 12, 2019 at 9:00 a.m.** the court will conduct a telephonic trial setting conference. Attorneys and self-represented parties shall have their calendars available for the conference.

**ROBBINS & CURTIN, P.L.L.C.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

CG0032

Parties shall contact the Division at (520) 866-5429 at least two and no more than five judicial days prior to the conference to provide contact information. The Court will initiate the call at or near the scheduled time of the conference as the Court's calendar permits as this is being set on the law and motion calendar.

9. **Firm dates:** No stipulation of the parties that alters a filing deadline or a hearing date contained in this scheduling order will be effective without an order of this court approving the stipulation. Dates set forth in this order that govern court filing or hearings are firm dates, and may be modified only with this court's consent and for good cause. This court ordinarily will not consider a lack of preparation as good cause.

10. **Further orders:** This court further orders as follows:_____

_____

_____

signed by smccarville  10/05/2018 08:12:01 1HPHuggM

CG0033

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

Joel B. Robbins, #011065
Lauren E. Channell, #033484
ROBBINS & CURTIN, P.L.L.C.
301 E. Bethany Home, #B-100
Phoenix, AZ    85012-0001
Telephone: 602-285-0100
Facsimile: 602-265-0267
joel@robbinsandcurtin.com
reception@robbinsandcurtin.com

*Attorneys for Plaintiff*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF PINAL**

| | |
|---|---|
| **ADRIAN MIRANDA**, an individual, | Case No. S1100CV201801191 |
| Plaintiff, | |
| vs. | **MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| **CITY OF CASA GRANDE**, a municipality, | (Assigned to the Honorable Robert C. Olson) |
| Defendant. | |

Pursuant to Rule 15(a)(2) of the Arizona Rules of Civil Procedure, Plaintiff moves this Court for leave to file his First Amended Complaint ("FAC"). The effect of this amendment is to add an additional party and claims under 42 U.S.C. § 1983. A redlined version of the proposed FAC is attached hereto as ***Exhibit 1***.

I.    <u>Factual and Procedural Background</u>

On the evening of July 6, 2017, Plaintiff Adrian Miranda went bowling with his children and neighbors. Plaintiff's son, Adrian Matthew Miranda ("Matthew"), drove the group home because Plaintiff had been drinking at the bowling alley. During the drive home, Plaintiff became belligerent, possibly due to a negative interaction between a medical condition and the alcohol he had consumed. As Matthew drove into their neighborhood and stopped at a stop sign, Plaintiff got out of the truck and began yelling incoherently. Matthew removed the keys from the truck and got out to check on Plaintiff

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

CG0034

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

1  while his sister ran home to get their older brother, Eric. When Eric arrived, Matthew gave

2  him the keys to the truck. Eric and Matthew then forced Plaintiff into the driver's seat of

3  the truck to prevent him from walking into the road until he was able to calm down. A

4  neighbor heard the commotion and called the Casa Grande Police Department. Casa

5  Grande Police Officers Richard Rush and Jon Campa-Molina arrived to find Plaintiff

6  sitting in the driver's seat of the inactive truck with the emergency flashers on. Eric gave

7  the truck keys to Officer Campa-Molina, and both young men told the officers that

8  Plaintiff had not been driving.

9       The officers initially arrested Plaintiff for disorderly conduct and failure to comply

10  with law enforcement. Officers Rush and Campa-Molina repeatedly tried to trick Plaintiff,

11  who was confused and disoriented, by telling him they found a second set of keys with a

12  green fob in Plaintiff's truck. Plaintiff informed the officers that the key ring with the

13  green fob belonged to a different vehicle and that his son had been his designated driver

14  that night. At the station, Officer Rush conducted a field sobriety test and arrested Plaintiff

15  for driving under the influence, despite the evidence that Plaintiff had not been driving or

16  controlling the truck and had not even been in possession of the keys.

17       Officer Rush asked Plaintiff to consent to a blood test under Arizona's implied

18  consent law, A.R.S. § 28-1321. Plaintiff—who was still disoriented and somewhat

19  incoherent—initially appeared to refuse. Shortly thereafter, *Plaintiff clearly indicated his*

20  *consent to the blood test*. The police department's phlebotomist, Officer McKinney,

21  immediately conveyed Plaintiff's consent to Officer Rush. Officer Rush heard and

22  understood Officer McKinney tell him that Plaintiff had consented to the blood test, but

23  Officer Rush disregarded that consent and obtained a search warrant based in part on his

24  false assertion that Plaintiff had refused to consent to the test. When Officer Rush returned

25  to the room with the search warrant, he told Adrian his driver's license was suspended for

26  one year.

27

28

CG0035

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

Officer Rush later gave false testimony at an administrative hearing. When the Administrative Law Judge ("ALJ") directly asked Officer Rush whether Mr. Miranda had changed his mind and consented to the blood test, Officer Rush lied:

> Judge Henderson: At any point before the service of the warrant **did the petitioner change his mind and tell you that he would take the test?**
>
> Officer Richard Rush: **No, ma'am**.

Based on this false testimony, the ALJ found the scope of the hearing had been met pursuant to A.R.S. § 28-1321 and affirmed the 12-month implied-consent suspension of Plaintiff's driver's license. Without his driving privileges, Plaintiff's job as a U.S. Border Patrol agent was jeopardized, he was reassigned to a non-patrol position that paid significantly less, and he and his family suffered financial hardships and emotional distress. Several months later, Plaintiff prevailed at a rehearing before the administrative agency, and his driving privileges were reinstated.

Plaintiff initially filed suit against the City of Casa Grande for negligence, abuse of process, and intentional infliction of emotional distress. Plaintiff now seeks leave to amend his complaint to add a federal malicious prosecution claim against Officer Rush under 42 U.S.C. § 1983, on the grounds that Officer Rush violated Plaintiff's constitutional rights by initiating and pursuing the suspension of Plaintiff's license, even though Rush knew that Plaintiff had not been driving or controlling the vehicle and had given his consent to the blood test.

## II.   <u>Legal Analysis</u>

### a.   **Leave to amend should be freely given.**

Rule 15(a)(2) of the Arizona Rules of Civil Procedure authorizes amendment of a pleading with leave of the court. "Leave to amend must be freely given when justice requires." Ariz. R. Civ. P. 15(a)(2); *see also Owen v. Superior Court*, 133 Ariz. 75, 79, 649 P.2d 278, 282 (1982) (stating that courts favor a trial on the merits). Allowing an amendment is discretionary; however, amendment should be liberally granted unless the

CG0036

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

moving party has unduly delayed, acted in bad faith or with dilatory motive, has repeatedly failed to cure deficiencies, or if substantial prejudice would result to an opposing party. *Owen*, 133 Ariz. at 79, 649 P.2d at 282; *see also State Compensation Fund v. Yellow Cab Co. of Phoenix*, 197 Ariz. 120, 125, 3 P.2d 1040, 1045 (App. 1999) (reversing trial court's denial of leave to amend and noting that, absent prejudice to an opposing party or dilatory motive, mere lateness does not justify denial of leave to amend).

     **b.**    **All factors weigh in favor of permitting amendment.**

Plaintiff's proposed FAC seeks to add a claim of individual liability against Officer Rush under 42 U.S.C. § 1983. Plaintiff has acted promptly in seeking leave to amend, and neither Defendant City of Casa Grande nor Officer Rush will be prejudiced if the amendment is permitted. Discovery is ongoing, and the amendment comes within the two-year statute of limitations for § 1983 claims. Allowing the amendment will further the objective of the civil rules and the court in securing "the just, speedy, and inexpensive determination of every action and proceeding." Ariz. R. Civ. P. 1.

**III.**   **Conclusion**

Accordingly, for the reasons set forth herein, Plaintiff respectfully requests leave to amend his Complaint in the manner set forth in ***Exhibit 1***.

    RESPECTFULLY SUBMITTED: January 22, 2019

           **ROBBINS & CURTIN, p.l.l.c.**

      By:      /s/ Joel B. Robbins
           Joel B. Robbins
           *Attorney for Appellant Adrian Miranda*

CG0037

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ◆ Fax: (602) 265-0267

**CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2019, I electronically transmitted the attached document to the Court Clerk's Office using the TurboCourt System for filing and transmittal of a Notice of Electronic Filing to the following TurboCourt registrants:

Larry J. Crown
Elan S. Mizrahi
TITUS, BRUECKNER & LEVINE, PLC
8355 E. Hartford Dr., #200
Scottsdale, AZ    85255
lcrown@tbl-law.com
elan@tbl-law.com
(kmeister@tbl-law.com)
*Attorneys for Defendant City of Casa Grande*

By ___ /s/ Cricket Bourget _____

CG0038

Larry J. Crown (SBN 013133)
Elan S. Mizrahi (SBN 017388)
**TITUS BRUECKNER & LEVINE PLC**
8355 East Hartford Drive, Suite 200
Scottsdale, Arizona 85255
Telephone: 480-483-9600
Facsimile: 480-483-3215
Emails:     lcrown@tbl-law.com
            elan@tbl-law.com

*Attorneys for Defendant City of Casa Grande*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF PINAL**

| | |
|---|---|
| ADRIAN MIRANDA, an individual, | Case No. S1100CV201801191 |
| Plaintiff, | |
| vs. | **RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| CITY OF CASA GRANDE, a municipality, | |
| Defendant. | (Assigned to the Honorable Robert C. Olson) |

Defendant City of Casa Grande ("Casa Grande"), by and through its undersigned counsel, hereby responds in opposition to Plaintiff's Motion for Leave to File a First Amended Complaint and requests that Plaintiff's Motion be denied.

Plaintiff's proposed amendment seeks to add a claim for "federal malicious prosecution" against an additional Defendant, Casa Grande Police Officer Richard Rush under 42 U.S.C. § 1983. Malicious prosecution is an intentional state tort under Arizona common law and does not involve federal rights, privileges or immunities. As such, Plaintiff's amendment is futile and should be denied. This Motion is supported by the following Memorandum of Points and Authorities, and the Court records, pleadings and files herein.

- 1 -

CG0039

Plaintiff's original Complaint was filed in the Superior Court of Pinal County and alleged three state law counts against Casa Grande: (1) Count I – Negligence/Gross Negligence; (2) Count II – Abuse of Process; and (3) Count III – Intentional Infliction of Emotional Distress. The Plaintiff's proposed Count IV seeks to add a claim titled "42 U.S.C. § 1983 Malicious Prosecution (Defendant Rush)." Malicious prosecution is a state tort and cannot be brought as a federal constitutional claim under 42 U.S.C. § 1983.

To prevail on a 42 U.S.C. § 1983 claim, a plaintiff must show that acts by the defendants under color of state law "deprived them of federal rights, privileges or immunities" and cause them damage. *Thornton v. City of St. Helens,* 425 F.3d 1158, 1163-64 (9th Cir.2005). Malicious prosecution is a common law state tort. *Slade v. City of Phoenix,* 112 Ariz. 298, 541 P.2d 550 (1975).

It is well-established that driving in Arizona is not a right, but a privilege subject to legislative mandate, *Tornabene v. Larry Bonnie ex rel. Arizona Highway Department,* 203 Ariz. 326, 54 P.3d 355 (Div. 2, 2002). The purpose of the implied consent law is to remove from Arizona highways those drivers who may be a menace to themselves and others because of intoxication. *Tornabene, supra* at ¶ 15. A civil license suspension proceeding for a DUI arrestee's refusal of testing is separate from and unrelated to a criminal prosecution for DUI, and the outcome of one proceeding usually will not have any effect on the outcome of the other. *Tornabene, supra* at ¶ 16. Under A.R.S. § 28-1321(B), a failure to expressly agree to the test or successfully complete the test is deemed a refusal. *Tornabene, supra* at ¶ 31. It is the Arizona Motor Vehicle Division that bears the burden of establishing by a preponderance of the evidence that a person refused to undergo chemical breath testing. *Id.*

The essence and core of Plaintiff's proposed Count IV, a federal § 1983 Malicious Prosecution claim focuses on the implied consent administrative issues under Arizona State Statutes. Plaintiff claims that Officer Rush caused the implied consent suspension of Plaintiff's driver's license for the purpose of violating Plaintiff's constitutional rights. Plaintiff does not state or define any federal constitutional rights implicated by an

TITUS BRUECKNER & LEVINE PLC
8355 East Hartford Drive – Suite 200
Scottsdale, AZ 85255
480-483-9600

CG0040

administrative hearing that is civil in nature regarding the privilege of and not his right to drive.

In *Yanes v. Maricopa County,* 231 Ariz. 281, 294 P.3d 119 (Div. 1, 2013), the Court held that a § 1983 substantive due process claim involving an alleged initiation of criminal charges without probable cause was not actionable as a matter of law. *Yanes, supra,* at ¶ 14. The *Yanes* Court cited extensively to the decision by the United States Supreme Court in *Albright v. Oliver,* 510 U.S. at 293, 114, 807 (S. Ct. 1994). The sole basis for *Yanes'* § 1983 claim was his assertion that by falsely accusing him of aggravated assault, the defendants deprived him of his substantive due process right under the Fourteenth Amendment to be free from prosecution without probable cause.

It is far more compelling here to deny Plaintiff's Motion to Amend to add a §1983 Malicious Prosecution claim that is not legally actionable. Plaintiff does not identify any federal constitutional right that is involved in an administrative implied consent suspension and hearing. Based on *Yanes* and *Albright,* it is clear that Plaintiff's proposed Count IV fails to present an actionable claim.

Ruling on a motion to amend pleadings is left to the trial court's sole discretion. *Bishop v. State Dept. of Corrections,* 172 Ariz. 472, 837 P.2d 1207 (Div. 1, 1992). A trial court does not abuse its discretion by denying a motion to amend if it finds there is a futility in the amendment. *Bishop, supra; Walls v. Ariz. Dept. of Public Safety,* 170 Ariz. 591, 595, 826 P.2d 1217 (1991). Here, allowing amendment of the pleadings would be futile as Plaintiff has proposed to add a claim that is not actionable and fails to state a claim upon which relief could be granted.

In short, there was no prosecution by Officer Rush of either a criminal action or initiation or maintenance of a civil proceeding. Plaintiff is complaining about an implied consent issue from failing to expressly agree to a blood test pursuant to A.R.S. § 28-1321. Such proceedings are administrative and are held before a State of Arizona Administrative Law Judge. Driving is a privilege and not a right. All persons who drive vehicles on roadways give their implied consent to submit to a blood test when there is reasonable grounds for a

CG0041

police officer to request a blood test. Thus, on its face, the proposed Count IV for Malicious Prosecution is not recognized under 42 U.S.C. § 1983.

WHEREFORE, Defendant respectfully requests that Plaintiff's Motion for Leave to File a First Amended Complaint be denied.

RESPECTFULLY SUBMITTED this __1st__ day of February, 2019.

**TITUS BRUECKNER & LEVINE PLC**

By: /s/ *Larry J. Crown*
Larry J. Crown
Elan S. Mizrahi
*Attorneys for City of Casa Grande*

ORIGINAL of the foregoing filed electronically via AZTurboCourt on this __1st__ day of February, 2019 with:

The Clerk of the Court
Pinal County Superior Court
971 Jason Lopez Cir #500
Florence, AZ 85132

COPY of the foregoing delivered electronically this __1st__ day of February, 2019 to:

The Honorable Robert C. Olson
Pinal County Superior Court Judge

COPY of the foregoing emailed and mailed on this __1st__ day of February, 2019 to:

Joel B. Robbins, Esq.
Lauren E. Channell, Esq.
Robbins & Curtin, PLLC
301 E. Bethany Home Road, Suite B-100
Phoenix, AZ 85012
Joel@robbinsandcurtin.com
reception@robbinsandcurtin.com
*Attorneys for Plaintiffs*

/s/ *Karin A. Meister*

8962-063

**TITUS BRUECKNER & LEVINE PLC**
8355 East Hartford Drive – Suite 200
Scottsdale, AZ 85255
480-483-9600

CG0042

Joel B. Robbins, #011065
Lauren E. Channell, #033484
ROBBINS & CURTIN, P.L.L.C.
301 E. Bethany Home, #B-100
Phoenix, AZ     85012-0001
Telephone: 602-285-0100
Facsimile: 602-265-0267
joel@robbinsandcurtin.com
reception@robbinsandcurtin.com

*Attorneys for Plaintiff*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF PINAL**

| | |
|---|---|
| **ADRIAN MIRANDA**, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>**CITY OF CASA GRANDE**, a municipality,<br><br>Defendant. | Case No. S1100CV201801191<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>(Assigned to the Honorable Robert C. Olson) |

Plaintiff, by and through undersigned counsel, submits this Reply in support of his Motion for Leave to File First Amended Complaint. The Court should grant Plaintiff's motion because federal law recognizes a malicious prosecution claim under 42 U.S.C. § 1983, and the proposed First Amended Complaint ("FAC") properly pleads such a claim. The proposed amendment would not be futile, and therefore, leave to amend should be granted.

**I.**     **Malicious prosecution is actionable under 42 U.S.C. § 1983, and the initiation of a license suspension proceeding is proper subject matter for this cause of action.**

A federal malicious prosecution claim may be based on the wrongful initiation of either criminal or civil proceedings. *See Owens v. Keazer*, 795 F. Supp. 372, 373 (D. Kan. 1992) (noting that plaintiff's § 1983 suit against a police officer who initiated a driver's

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

1  license revocation proceeding and gave false testimony at an administrative hearing and on

2  appeal was "most akin . . . to a malicious prosecution case").  To state a claim for

3  malicious prosecution under § 1983, a plaintiff must establish the elements of a state law

4  malicious prosecution claim *and* show that the defendant acted with the purpose of

5  denying him equal protection or a specific constitutional right.  *See Lacey v. Maricopa*

6  *County*, 693 F.3d 896, 919 (9th Cir. 2012) (quoting *Freeman v. City of Santa Ana*, 68 F.3d

7  1180, 1189 (9th Cir. 1995)); *Usher v. City of Los Angeles*, 828 F.2d 556, 562 (9th Cir.

8  1987).  Arizona law recognizes a claim for civil malicious prosecution, otherwise referred

9  to as "wrongful initiation of civil proceedings," which requires a plaintiff to prove that a

10  defendant "(1) instituted a civil action which was (2) motivated by malice, (3) begun

11  without probable cause, (4) terminated in plaintiff's favor and (5) damaged plaintiff."

12  *Bradshaw v. State Farm Mut. Auto. Ins. Co.*, 157 Ariz. 411, 416, 758 P.2d 1313, 1318

13  (1988).

14      Defendant mistakenly claims that no cause of action for malicious prosecution is

15  recognized under federal law and attempts to conflate Plaintiff's proposed amendment

16  with the Fourteenth Amendment substantive due process claims addressed in *Yanes v.*

17  *Maricopa County*, 231 Ariz. 281, 294 P.3d 119 (App. 2013) and *Albright v. Oliver*, 510

18  U.S. 266, 274, 114 S. Ct. 807, 813, 127 L. Ed. 2d 114 (1994).  In *Albright*, the plurality

19  held that a pre-trial detainee could not prevail on his claim that an officer had violated his

20  "liberty interest" under the substantive due process component of the Fourteenth

21  Amendment by initiating a baseless criminal charge.  *Albright*, 510 U.S. at 270.  The

22  plurality indicated that the "scarce and open-ended" guideposts of substantive due process

23  could not afford the plaintiff relief, although he may have succeeded on a claim based on

24  the specific guarantees of the Fourth Amendment.  *Id.* At 275.

25      In contrast with *Albright*, Plaintiff's proposed malicious prosecution claim is based

26  on the unreasonable seizure of his license under the Fourth Amendment, as well as the

27  deprivation of his right to procedural due process occasioned by Officer Rush's false

28  testimony at the administrative hearings.  *See Dixon v. Love*, 431 U.S. 105, 112, 97 S. Ct.

CG0044

1723, 1727, 52 L. Ed. 2d 172 (1977) (noting that procedural due process "applies to the deprivation of a driver's license by the State"); *State v. Ferrari*, 112 Ariz. 324, 334, 541 P.2d 921, 931 (1975) (providing that the "[k]nowing use of perjured or false testimony by the prosecution is a denial of due process"). Officer Rush knew that Plaintiff had given his express consent to the blood draw and knew that he had no valid basis to initiate the license suspension proceeding. Officer Rush then lied at the administrative hearing, knowing that by doing so, he would deprive Plaintiff of his driving privileges. The license suspension was reversed after a rehearing several months later, and was therefore terminated in Plaintiff's favor, but only after Plaintiff incurred significant damages stemming from the deprivation of his driving privileges. Based on these facts, Plaintiff has properly set forth a claim for malicious prosecution under § 1983.

## II.   Conclusion

Defendant has not established that the proposed amendment would be futile, nor has it set forth any other valid reason why leave to amend should not be freely given. *See* Ariz. R. Civ. P. 15(a). Accordingly, Plaintiff respectfully requests that the Court grant his motion and allow him leave to file his FAC.

RESPECTFULLY SUBMITTED: February 7, 2019

**ROBBINS & CURTIN, p.l.l.c.**


By: _____/s/  Joel B. Robbins_____
Joel B. Robbins
*Attorney for Appellant Adrian Miranda*

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ◆ Fax: (602) 265-0267

CG0045

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

**CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2019, I electronically transmitted the attached document to the Court Clerk's Office using the TurboCourt System for filing and transmittal of a Notice of Electronic Filing to the following TurboCourt registrants:

Larry J. Crown
Elan S. Mizrahi
TITUS, BRUECKNER & LEVINE, PLC
8355 E. Hartford Dr., #200
Scottsdale, AZ    85255
lcrown@tbl-law.com
elan@tbl-law.com
(kmeister@tbl-law.com)
*Attorneys for Defendant City of Casa Grande*

By ___/s/ Cricket Bourget_____

CG0046

FILED
Amanda Stanford
CLERK, SUPERIOR COURT
02/14/2019 8:51AM
BY: AMONDEJAR
DEPUTY

# IN THE SUPERIOR COURT

## PINAL COUNTY, STATE OF ARIZONA

### Date: February 13, 2019

THE HONORABLE ROBERT CARTER OLSON

| IN RE THE MATTER OF: | **S1100CV201801191** |
|---|---|
| **Adrian Miranda** <br><br> PLAINTIFF <br><br> AND <br><br> **City of Casa Grande** <br><br> DEFENDANT | **ORDER RE:** <br> **Denial of Motion to Amend** <br> **(without prejudice to refiling)** |

Plaintiff having filed his *Motion for Leave to File First Amended Complaint*,

The Court **FINDS** that Plaintiff seeks to add an additional party and bring a claim under § 42 U.S.C. 1983, but neither the motion or the proposed amended complaint satisfies notice pleading standards. Plaintiff does not specifically articulate or identify the federal constitutional right(s) that he alleges were violated. Merely stating the denial of an unidentified constitutional right, as is found in the proposed complaint, is inadequate to place a party on notice of the claim or for this Court to evaluate whether good cause exists to grant the requested amendment.

**IT IS HEREBY ORDERED** denying Plaintiff's *Motion for Leave to File First Amended Complaint*, but granting leave to refile this motion, consistent with the requirements set forth above.

signed by rolson 02/13/2019 17:48:21 9ZlLmEo2

CG0047

Emailed/Mailed/Distributed Copy:

JOEL B. ROBBINS
kim@robbinsandcurtin.com

LARRY J. CROWN
lcrown@tbl-law.com

OFFICE DISTRIBUTION:
JUDGE/OLSON
JAA/NORTEGA

CG0048

1  Joel B. Robbins, #011065
   Lauren E. Channell, #033484
2  ROBBINS & CURTIN, P.L.L.C.
   301 E. Bethany Home, #B-100
3  Phoenix, AZ    85012-0001
   Telephone: 602-285-0100
4  Facsimile: 602-265-0267
5  joel@robbinsandcurtin.com
   reception@robbinsandcurtin.com
6
7  *Attorneys for Plaintiff*

8        **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9             **IN AND FOR THE COUNTY OF PINAL**

10  **ADRIAN MIRANDA**, an individual,    Case No. S1100CV201801191

11              Plaintiff,              **PLAINTIFF'S RENEWED**
12                                      **MOTION FOR LEAVE TO FILE**
                                        **FIRST AMENDED COMPLAINT**
13      vs.

14  **CITY OF CASA GRANDE**, a           (Assigned to the Honorable
    municipality,                             Robert C. Olson)
15

16              Defendant.

17        Pursuant to Rule 15(a)(2) of the Arizona Rules of Civil Procedure and the Court's

18  February 13, 2019 Order denying (without prejudice to re-file) Plaintiff's initial motion to

19  amend, Plaintiff moves this Court for leave to file his First Amended Complaint ("FAC").

20  The effect of this amendment is to add an additional party and claims under 42 U.S.C. §

21  1983.  A redlined version of the proposed FAC is attached hereto as ***Exhibit 1***.

22  **I.    Factual and Procedural Background**

23        On the evening of July 6, 2017, Plaintiff Adrian Miranda went bowling with his

24  children and neighbors.  Plaintiff's son, Adrian Matthew Miranda ("Matthew"), drove the

25  group home because Plaintiff had been drinking at the bowling alley.  During the drive

26  home, Plaintiff became belligerent, possibly due to a negative interaction between a

27  medical condition and the alcohol he had consumed.  As Matthew drove into their

28  neighborhood and stopped at a stop sign, Plaintiff got out of the truck and began yelling

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax:  (602) 265-0267

CG0049

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ◆ Fax: (602) 265-0267

1  incoherently.  Matthew removed the keys from the truck and got out to check on Plaintiff

2  while his sister ran home to get their older brother, Eric.  When Eric arrived, Matthew gave

3  him the keys to the truck.  Eric and Matthew then forced Plaintiff into the driver's seat of

4  the truck to prevent him from walking into the road until he was able to calm down.  A

5  neighbor heard the commotion and called the Casa Grande Police Department.  Casa

6  Grande Police Officers Richard Rush and Jon Campa-Molina arrived to find Plaintiff

7  sitting in the driver's seat of the inactive truck with the emergency flashers on.  Eric gave

8  the truck keys to Officer Campa-Molina, and both young men told the officers that

9  Plaintiff had not been driving.

10  The officers initially arrested Plaintiff for disorderly conduct and failure to comply

11  with law enforcement.  Officers Rush and Campa-Molina repeatedly tried to trick Plaintiff,

12  who was confused and disoriented, by telling him they found a second set of keys with a

13  green fob in Plaintiff's truck.  Plaintiff informed the officers that the key ring with the

14  green fob belonged to a different vehicle and that his son had been his designated driver

15  that night.  At the station, Officer Rush conducted a field sobriety test and arrested Plaintiff

16  for driving under the influence, despite the evidence that Plaintiff had not been driving or

17  controlling the truck and had not even been in possession of the keys.

18  Officer Rush asked Plaintiff to consent to a blood test under Arizona's implied

19  consent law, A.R.S. § 28-1321.  Plaintiff—who was still disoriented and somewhat

20  incoherent—initially appeared to refuse.  Shortly thereafter, *Plaintiff clearly indicated his*

21  *consent to the blood test*.  The police department's phlebotomist, Officer McKinney,

22  immediately conveyed Plaintiff's consent to Officer Rush.  Officer Rush heard and

23  understood Officer McKinney tell him that Plaintiff had consented to the blood test, but

24  Officer Rush disregarded that consent and obtained a search warrant based in part on his

25  false assertion that Plaintiff had refused to consent to the test.  When Officer Rush returned

26  to the room with the search warrant, he told Adrian his driver's license was suspended for

27  one year.

28  Officer Rush later gave false testimony at an administrative hearing.  When the

CG0050

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ◆ Fax: (602) 265-0267

Administrative Law Judge ("ALJ") directly asked Officer Rush whether Mr. Miranda had changed his mind and consented to the blood test, Officer Rush lied:

> Judge Henderson: At any point before the service of the warrant *did the petitioner change his mind and tell you that he would take the test?*
>
> Officer Richard Rush: *No, ma'am*.

Based on this false testimony, the ALJ found the scope of the hearing had been met pursuant to A.R.S. § 28-1321 and affirmed the 12-month implied-consent suspension of Plaintiff's driver's license. Without his driving privileges, Plaintiff's job as a U.S. Border Patrol agent was jeopardized, he was reassigned to a non-patrol position that paid significantly less, and he and his family suffered financial hardships and emotional distress. Several months later, Plaintiff prevailed at a rehearing before the administrative agency, and his driving privileges were reinstated.

Plaintiff initially filed suit against the City of Casa Grande for negligence, abuse of process, and intentional infliction of emotional distress. Plaintiff now seeks leave to amend his complaint to add a federal malicious prosecution claim against Officer Rush under 42 U.S.C. § 1983, on the grounds that Officer Rush violated Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments by initiating and pursuing the suspension of Plaintiff's license and by lying at the license suspension hearing, even though Rush knew that Plaintiff had not been driving or controlling the vehicle and had given his consent to the blood test.

## II.   Legal Analysis

### a.   Leave to amend should be freely given.

Rule 15(a)(2) of the Arizona Rules of Civil Procedure authorizes amendment of a pleading with leave of the court. "Leave to amend must be freely given when justice requires." Ariz. R. Civ. P. 15(a)(2); *see also Owen v. Superior Court*, 133 Ariz. 75, 79, 649 P.2d 278, 282 (1982) (stating that courts favor a trial on the merits). Allowing an amendment is discretionary; however, amendment should be liberally granted unless the

CG0051

moving party has unduly delayed, acted in bad faith or with dilatory motive, has repeatedly failed to cure deficiencies, or if substantial prejudice would result to an opposing party. *Owen*, 133 Ariz. at 79, 649 P.2d at 282; *see also State Compensation Fund v. Yellow Cab Co. of Phoenix*, 197 Ariz. 120, 125, 3 P.2d 1040, 1045 (App. 1999) (reversing trial court's denial of leave to amend and noting that, absent prejudice to an opposing party or dilatory motive, mere lateness does not justify denial of leave to amend).

### b. All factors weigh in favor of permitting amendment.

Plaintiff's proposed FAC seeks to add a claim of individual liability against Officer Rush under 42 U.S.C. § 1983. Plaintiff has acted promptly in seeking leave to amend, and neither Defendant City of Casa Grande nor Officer Rush will be prejudiced if the amendment is permitted. Discovery is ongoing, and the amendment comes within the two-year statute of limitations for § 1983 claims. Allowing the amendment will further the objective of the civil rules and the court in securing "the just, speedy, and inexpensive determination of every action and proceeding." Ariz. R. Civ. P. 1.

### c. Malicious prosecution is actionable under 42 U.S.C. § 1983, and the initiation of a license suspension proceeding is proper subject matter for this cause of action.

A federal malicious prosecution claim may be based on the wrongful initiation of either criminal or civil proceedings. *See Owens v. Keazer*, 795 F. Supp. 372, 373 (D. Kan. 1992) (noting that plaintiff's § 1983 suit against a police officer who initiated a driver's license revocation proceeding and gave false testimony at an administrative hearing and on appeal was "most akin . . . to a malicious prosecution case"). To state a claim for malicious prosecution under § 1983, a plaintiff must establish the elements of a state law malicious prosecution claim *and* show that the defendant acted with the purpose of denying him equal protection or a specific constitutional right. *See Lacey v. Maricopa County*, 693 F.3d 896, 919 (9th Cir. 2012) (quoting *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995)); *Usher v. City of Los Angeles*, 828 F.2d 556, 562 (9th Cir. 1987). Arizona law recognizes a claim for civil malicious prosecution, otherwise referred to as "wrongful initiation of civil proceedings," which requires a plaintiff to prove that a

CG0052

**ROBBINS & CURTIN, P.L.L.C.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

defendant "(1) instituted a civil action which was (2) motivated by malice, (3) begun without probable cause, (4) terminated in plaintiff's favor and (5) damaged plaintiff." *Bradshaw v. State Farm Mut. Auto. Ins. Co.*, 157 Ariz. 411, 416, 758 P.2d 1313, 1318 (1988).

Plaintiff's proposed malicious prosecution claim is based on the unreasonable seizure of his license under the Fourth Amendment, as well as the deprivation of his right to procedural due process under the Fifth and Fourteenth Amendments occasioned by Officer Rush's false testimony at the administrative hearings. *See Dixon v. Love*, 431 U.S. 105, 112, 97 S. Ct. 1723, 1727, 52 L. Ed. 2d 172 (1977) (noting that procedural due process "applies to the deprivation of a driver's license by the State"); *State v. Ferrari*, 112 Ariz. 324, 334, 541 P.2d 921, 931 (1975) (providing that the "[k]nowing use of perjured or false testimony by the prosecution is a denial of due process"). Officer Rush knew that Plaintiff had given his express consent to the blood draw and knew that he had no valid basis to initiate the license suspension proceeding. Officer Rush then lied at the administrative hearing, knowing that by doing so, he would deprive Plaintiff of his driving privileges. The license suspension was reversed after a rehearing several months later, and was therefore terminated in Plaintiff's favor, but only after Plaintiff incurred significant damages stemming from the deprivation of his driving privileges. Based on these facts, Plaintiff has properly set forth a claim for malicious prosecution under § 1983, and the proposed amendment should be permitted.

**III.  <u>Conclusion</u>**

Accordingly, for the reasons set forth herein, Plaintiff respectfully requests leave to amend his Complaint in the manner set forth in ***Exhibit 1***.

RESPECTFULLY SUBMITTED: March 4, 2019

**ROBBINS & CURTIN, p.l.l.c.**

By: _____/s/  Joel B. Robbins_____
        Joel B. Robbins
        *Attorney for Appellant Adrian Miranda*

CG0053

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

**CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2019, I electronically transmitted the attached document to the Court Clerk's Office using the TurboCourt System for filing and transmittal of a Notice of Electronic Filing to the following TurboCourt registrants:

Larry J. Crown
Elan S. Mizrahi
TITUS, BRUECKNER & LEVINE, PLC
8355 E. Hartford Dr., #200
Scottsdale, AZ    85255
lcrown@tbl-law.com
elan@tbl-law.com
(kmeister@tbl-law.com)
*Attorneys for Defendant City of Casa Grande*

By ___/s/  Cricket Bourget_____

CG0054

1  Larry J. Crown (SBN 013133)
   Elan S. Mizrahi (SBN 017388)
2  **TITUS BRUECKNER & LEVINE PLC**
   8355 East Hartford Drive, Suite 200
3  Scottsdale, Arizona  85255
   Telephone:    480-483-9600
4  Facsimile:    480-483-3215
   Emails:       lcrown@tbl-law.com
5                elan@tbl-law.com

6  *Attorneys for Defendant City of Casa Grande*

7

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF PINAL

| ADRIAN MIRANDA, an individual, | Case No. S1100CV201801191 |
|---|---|
| Plaintiff, | **RESPONSE IN OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| vs. | |
| CITY OF CASA GRANDE, a municipality, | **(Oral Argument Requested)** |
| Defendant. | (Assigned to the Honorable Robert C. Olson) |

Defendant City of Casa Grande ("Casa Grande"), by and through its undersigned counsel, hereby responds in opposition to Plaintiff's Renewed Motion for Leave to File a First Amended Complaint and requests that Plaintiff's Motion be denied.

Plaintiff's proposed amendment seeks to add a claim for "federal malicious prosecution" against an additional Defendant, Casa Grande Police Officer Richard Rush under 42 U.S.C. § 1983. Malicious prosecution is an intentional state tort under Arizona common law and does not involve federal rights, privileges or immunities in this action. At specific issue here is an administrative hearing conducted by the Arizona Department of Transportation Motor Vehicle Division ("ADOT-MVD") regarding temporary suspension of Plaintiff's driver's license under Arizona's implied consent laws. Controlling Arizona case law has held that such proceedings do not involve constitutional rights. The Fourth

- 1 -

**CG0055**

Amendment right regarding unreasonable seizures and the Fifth and Fourteenth Amendments rights to procedural due process do not apply to administrative license suspension hearings in Arizona. As such, Plaintiff's amendment is futile and should be denied. This Motion is supported by the following Memorandum of Points and Authorities, and the Court records, pleadings and files herein.

### MEMORANDUM OF POINTS AND AUTHORITIES

This is Plaintiff's second Motion for Leave to file a First Amended Complaint. Plaintiff is attempting to add a state malicious prosecution tort claim as a federal constitutional rights claim under 42 U.S.C. § 1983. On February 14, 2019, this Court denied Plaintiff's Motion for Leave to File First Amended Complaint holding that Plaintiff's Motion and proposed amendment did not satisfy notice pleading standards. The Court held the Plaintiff did not specifically articulate or identify federal constitutional rights that he alleges were violated.

As discussed herein, Plaintiff has attempted to circumvent pleading standards by generally stating that the malicious prosecution claim involves a violation of the Fourth, Fifth, and Fourteenth Amendments rights by Casa Grande Police Officer Richard Rush. In his Reply in Support of his First Motion for Leave to File a First Amended Complaint, Plaintiff argued that his malicious prosecution claim was based on the unreasonable seizure of his license under the Fourth Amendment as well as the deprivation of his right of procedural due process occasioned by Officer Rush's false testimony at the administrative hearing. This argument was rejected by this Court as insufficient to set forth a claim for malicious prosecution under 42 U.S.C. § 1983. Plaintiff's Renewed Motion again fails to state a valid 42 U.S.C. § 1983 claim and the Renewed Motion should be denied.

Plaintiff's original Complaint was filed in the Superior Court of Pinal County and alleged three state law counts against Casa Grande: (1) Count I – Negligence/Gross Negligence; (2) Count II – Abuse of Process; and (3) Count III – Intentional Infliction of Emotional Distress. The Plaintiff's proposed Count IV seeks to add a claim titled "42 U.S.C.

CG0056

To prevail on a 42 U.S.C. § 1983 claim, a plaintiff must show that acts by the defendants under color of state law "deprived them of federal rights, privileges or immunities" and cause them damage. *Thornton v. City of St. Helens,* 425 F.3d 1158, 1163-64 (9th Cir.2005). Malicious prosecution is a common law state tort. *Slade v. City of Phoenix,* 112 Ariz. 298, 541 P.2d 550 (1975). Arizona's implied consent law, A.R.S. § 28-1321, does not involve federal constitutional rights.

It is well-established that driving in Arizona is not a right, but a privilege subject to legislative mandate, *Tornabene v. Larry Bonnie ex rel. Arizona Highway Department,* 203 Ariz. 326, 54 P.3d 355 (Div. 2, 2002). The purpose of the implied consent law is to remove from Arizona highways those drivers who may be a menace to themselves and others because of intoxication. *Tornabene, supra* at ¶ 15. A civil license suspension proceeding for a DUI arrestee's refusal of testing is separate from and unrelated to a criminal prosecution for DUI, and the outcome of one proceeding usually will not have any effect on the outcome of the other. *Tornabene, supra* at ¶ 16. Under A.R.S. § 28-1321(B), a failure to expressly agree to the test or successfully complete the test is deemed a refusal. *Tornabene, supra* at ¶ 31. It is the Arizona Motor Vehicle Division that bears the burden of establishing by a preponderance of the evidence that a person refused to undergo chemical breath testing. *Id.*

The essence and core of Plaintiff's proposed Count IV, a federal "§ 1983 Malicious Prosecution" claim focuses on the implied consent administrative issues under Arizona State Statutes. Plaintiff claims that Officer Rush caused the implied consent suspension of Plaintiff's driver's license for the purpose of violating Plaintiff's constitutional rights. Again, Plaintiff does not state any federal constitutional rights implicated by an administrative hearing that is civil in nature regarding the privilege of and not his right to drive.

As stated in *Tornabene,* the validity of an investigatory stop leading to a DUI arrest is outside the proper scope of an administrative license suspension hearing under A.R.S. § 28-1321(K). The unambiguous language of A.R.S. § 28-1321(K) limits the scope

TITUS BRUECKNER & LEVINE PLC
8355 East Hartford Drive – Suite 200
Scottsdale, AZ 85255
480-483-9600

CG0057

TITUS BRUECKNER & LEVINE PLC
8355 East Hartford Drive – Suite 200
Scottsdale, AZ 85255
480-483-9600

of the hearing to only four issues prescribed therein. The obvious spirit, purpose, context and effect of the implied consent statute establish a clear legislative intent to limit the issues for administrative review and not expand them to include consideration on the constitutional validity of an investigatory stop leading to a criminal DUI arrest. The law does not give motorists charged with DUI the right to refuse the test and only gives them the power to refuse and provides for certain consequences of such a refusal. *Tornabene* at ¶ 19.

In *Tornabene,* the plaintiff contended that the Fourth Amendment precludes an administrative license suspension absent a showing of reasonable suspicion for the stop even when the implied consent statute requires no such showing. The court disagreed and noted that A.R.S. § 28-1321(K) does not expressly require "a showing of reasonable suspicion for the stop" as a prerequisite for administrative suspension of a DUI arrestee's license. Tornabene asserted that the Fourth Amendment applies to all vehicle stop situations whether ultimately leading to criminal or civil proceedings.

The court held that appropriate sanctions for a Fourth Amendment violation depends on the nature of the proceeding by which legally obtained evidence will be used and the policy considerations that weigh in favor of or against exclusion of that evidence in such proceeding. Use of evidence obtained in violation of the Fourth Amendment does not violate the Constitution depending upon the nature of the proceedings. *Tornabene* at ¶ 22.

Neither the United States Supreme Court nor any Arizona court has applied the exclusionary rule in a purely civil proceeding as a remedy for violation of the Fourth Amendment. *Tornabene* at ¶ 23. The *Tornabene* court held: "We hold that the exclusionary rule although required to preserve and protect Fourth Amendment rights in the criminal context, should not be applied to civil license suspension hearings under A.R.S. § 28-1321(K)." A failure to expressly agree to the test or successfully complete the test is deemed a refusal. *Tornabene, supra,* at p. 337. Our Supreme Court has stated "expressly" means "in direct or unmistakable terms and not merely implied or left to inference." *Carrillo v. Houser,* 224 Ariz. 463, 232 P.3d 1245 (2010). In other words, an individual "must unequivocally manifest assent to the testing by words or conduct." *Carrillo, supra* at 1249.

CG0058

The *Tornabene* court held that the validity of the investigatory stop leading to a DUI arrest is outside the proper scope of an administrative license suspension hearing under A.R.S. § 28-1321(K). The court found persuasive support for that conclusion in several out-of-state cases in which similar statutes have been construed. *Tornabene* at ¶ 17. The court then cited to several cases that supported its holding. *Tornabene* at ¶ 17. The court went on to state that "in contrast, and we think unwisely, other courts have superimposed on their license suspension statutes a requirement that the underlying stop be lawful even when the statutes contained no such condition. *Tornabene* at ¶ 18. This included citation to an Illinois case that concluded that the Illinois legislature intended that driver license suspensions be based on legal arrests. *Tornabene,* ¶ 18. The *Tornabene* court stated: "To the extent these cases suggest that the legislature cannot limit the scope if issues in a civil license suspension proceeding, so as to preclude consideration of the validity of the stop that otherwise would be relevant in the criminal context, we disagree." The court held that the implied consent administrative hearing does not implicate any constitutional rights, *Tornabene, supra.* At ¶ 23.

In an attempt to sidestep these principles and this Court's initial ruling denying Plaintiff's Motion to Amend, the Plaintiff now alleges that there were "Fourth," "Fifth" and "Fourteenth" (procedural due process) Amendment violations. The above authority shows that there are not constitutional rights under the Fourth, Fifth or Fourteenth Amendments implicated with Arizona's implied consent administrative hearings.

Plaintiff cites to *Owens v. Keazer,* 795 F.Supp. 372, which is a United States District Court case from Kansas and is not controlling. The *Owens* case involved the doctrine of witness immunity in malicious prosecution actions. The opinion of the U.S. District Court in Kansas stated that the remaining claim against the defendant is most akin to an action against a complaining witness in a malicious prosecution case. The Opinion in *Owens* does not provide any detail as to the underlying nature of that action. It involved Kansas law and there is no showing by Plaintiff that a U.S. District Court in Kansas applying Kansas law is persuasive authority against the clear limited scope of the Arizona implied consent laws

CG0059

discussed in *Tornabene*. The analysis here is specific to Arizona law and the *Tornabene* case has held that constitutional rights are not involved in Arizona's implied consent administrative hearings.

Plaintiff also cites *Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). *Lacey* is off-point because it requires a showing that the defendant acted with malice and without probable cause and did so for the sole purpose of denying a person of a specific constitutional right. *Lacey* held malicious prosecution requires institution of criminal proceedings against another who is not guilty of the offense charged and that the proceedings have terminated in favor of the accused. *Lacy* at p. 919. In general, a claim for malicious prosecution is not cognizable under 42 U.S.C. § 1983 if process is available within the state judicial systems provide a remedy. *Id. Lacey* did not allege that there was any "prosecution" nor did he allege that there was any criminal proceeding terminated in his favor. Likewise here, Plaintiff has not alleged to support proposed Count IV that there was a "prosecution" and that any criminal proceeding terminated in his favor. *Id.* Plaintiff's Count IV is based solely on the administrative implied consent hearing which does not involve constitutional rights. *Lacey* is misplaced and does not support Plaintiff's claim.

Plaintiff cites *Dixon v. Love,* 431 U.S. 105, 112, 97 S. Ct. 1723, 1727, 52 L. Ed.2d 172 (1977) stating that the due process clause applies to deprivation of driver's license by the state under Illinois law. Again, citation to Illinois law is misplaced and ignores the clear findings of *Tornabene* in interpreting Arizona's implied consent law involved here. *Dixon* involved a truck driver's license that was summarily revoked for being repeatedly convicted of offenses against laws and ordinances regulating the movement of traffic. The case here involves Arizona's implied consent law which is an administrative proceeding that has a narrow defined scope and is expressly outside the scope of constitutional rights. *Dixon* is clearly off-point because it deals with a driver's license revocation for multiple offenses under Illinois law and not Arizona's implied consent administrative license suspension provisions. As discussed above, *Tornabene* disagreed with states like Illinois who interpreted their statutes to involve constitutional rights.

- 6 -

CG0060

TITUS BRUECKNER & LEVINE PLC
8355 East Hartford Drive – Suite 200
Scottsdale, AZ 85255
480-483-9600

Plaintiff's citation to *State v. Ferrari,* 112 Ariz. 324, 334, 541 P.2d 921, 931 (1975) is also misplaced as that case involved a criminal prosecution. Plaintiff cites *Ferrari* for the general proposition that a prosecutor's knowing use of perjured testimony in a criminal prosecution is a denial of due process. Here it is ADOT MVD that pursues the implied consent administrative hearing. Fifth and Fourteenth Amendment due procedural due process principles are not invoked or triggered under Arizona's implied consent administrative hearing.

Ruling on a motion to amend pleadings is left to the trial court's sole discretion. *Bishop v. State Dept. of Corrections,* 172 Ariz. 472, 837 P.2d 1207 (Div. 1, 1992). A trial court does not abuse its discretion by denying a motion to amend if it finds there is a futility in the amendment. *Bishop, supra; Walls v. Ariz. Dept. of Public Safety,* 170 Ariz. 591, 595, 826 P.2d 1217 (1991). Here, allowing amendment of the pleadings would be futile as Plaintiff has proposed to add a federal constitutional claim that is not actionable as a federal constitutional claim based on controlling Arizona law that has conclusively interpreted the implied consent administrative proceedings. Thus Plaintiff's proposed amendment fails to state a claim upon which relief could be granted.

In short, there was no prosecution by Officer Rush of either a criminal action or initiation or maintenance of a civil proceeding. Plaintiff is complaining about an implied consent issue from failing to expressly agree to a blood test pursuant to A.R.S. § 28-1321. Plaintiff claims that Officer Rush presented false testimony at the implied consent administrative hearing. The claim that this involves Fourth Amendment issues or procedural due process issues under the Fifth and Fourteenth Amendments has been rejected in Arizona. Such proceedings are administrative and are held before a State of Arizona Administrative Law Judge. Under Arizona law, driving is a privilege and not a right. All persons who drive vehicles on roadways give their implied consent to submit to a blood test when there are reasonable grounds for a police officer to request a blood test.

Thus, on its face, the proposed Count IV for Malicious Prosecution is not recognized under 42 U.S.C. § 1983. The Fourth, Fifth and Fourteenth Amendments are not involved in

- 7 -

CG0061

the implied consent administrative proceedings under Arizona law. As such, Plaintiff's amendment is futile and Defendant respectfully requests that Plaintiff's Renewed Motion for Leave to Amend to add a 42 U.S.C. § 1983 claim should be denied.

RESPECTFULLY SUBMITTED this ⎽21st⎽ day of March, 2019.

TITUS BRUECKNER & LEVINE PLC

By: /s/ *Larry J. Crown*
⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽
Larry J. Crown
Elan S. Mizrahi
*Attorneys for City of Casa Grande*

ORIGINAL of the foregoing filed electronically via AZTurboCourt on this ⎽21st⎽ day of March, 2019 with:

The Clerk of the Court
Pinal County Superior Court
971 Jason Lopez Cir #500
Florence, AZ 85132

COPY of the foregoing delivered electronically this ⎽21st⎽ day of March, 2019 to:

The Honorable Robert C. Olson
Pinal County Superior Court Judge

COPY of the foregoing emailed and mailed on this ⎽21st⎽ day of March, 2019 to:

Joel B. Robbins, Esq.
Lauren E. Channell, Esq.
Robbins & Curtin, PLLC
301 E. Bethany Home Road, Suite B-100
Phoenix, AZ 85012
Joel@robbinsandcurtin.com
*Attorneys for Plaintiffs*

/s/ *Karin A. Meister*
⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽
8962-063

- 8 -

CG0062

Joel B. Robbins, #011065
Lauren E. Channell, #033484
ROBBINS & CURTIN, P.L.L.C.
301 E. Bethany Home, #B-100
Phoenix, AZ    85012-0001
Telephone: 602-285-0100
Facsimile: 602-265-0267
joel@robbinsandcurtin.com
reception@robbinsandcurtin.com

*Attorneys for Plaintiff*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF PINAL**

| | |
|---|---|
| **ADRIAN MIRANDA**, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>**CITY OF CASA GRANDE**, a municipality,<br><br>Defendant. | Case No. S1100CV201801191<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF RENEWED MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>(Assigned to the Honorable Robert C. Olson) |

Plaintiff's renewed motion for leave to file the proposed First Amended Complaint ("FAC") should be granted because a federal malicious prosecution claim exists under 42 U.S.C. § 1983 where a state actor wrongfully initiates a legal proceeding for the purpose of depriving the plaintiff of a constitutional right. *See Lacey v. Maricopa County*, 693 F.3d 896, 919 (9th Cir. 2012) (quoting *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995)); *Usher v. City of Los Angeles*, 828 F.2d 556, 562 (9th Cir. 1987).

### I.     Legal Analysis

Defendant's argument that malicious prosecution "cannot be brought as a federal constitutional claim under 42 U.S.C. § 1983" (*see* Response at p. 3) is simply unfounded and ignores the large volume of Ninth Circuit case law to the contrary. *See e.g., Usher*, 828 F.2d at 562 (noting that the Ninth Circuit recognizes a claim for malicious prosecution under § 1983 when a legal proceeding is maintained with an intent to deprive a person of

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ◆ Fax:   (602) 265-0267

CG0063

**ROBBINS & CURTIN, P.L.L.C.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

equal protection or another constitutional right); *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1072 (9th Cir. 2004) (remanding to district court with instructions to allow plaintiff to amend his complaint to assert § 1983 malicious prosecution claim based on violations on his First and Fourteenth Amendment rights); *Marsh v. San Diego County*, 432 F. Supp.2d 1035, 1052 (S.D. Cal. 2006) (concluding that plaintiff properly stated a § 1983 malicious prosecution claim against physicians who falsified evidence against him).

Defendant's persistent reliance on *Tornabene v. Bonine ex rel. Arizona Highway Dept.*, 203 Ariz. 326, 54 P.3d 355 (App. 2002) is also misplaced. Defendant claims that *Tornabene* stands for the proposition that "there are not constitutional rights under the Fourth, Fifth, or Fourteenth Amendments implicated with Arizona's implied consent administrative hearings." *See* Response at p. 5. That is incorrect. The *Tornabene* court's decision was narrowly limited to the holdings that (a) the validity of an investigatory stop is outside the scope of the implied-consent administrative hearing and (b) the exclusionary rule—a safeguard to the Fourth Amendment available in criminal proceedings—is not applicable in civil license suspension proceedings. *Tornabene*, 54 P.3d at 360-65. *Tornabene* does not address the remedy available to an individual against whom license proceedings are wrongfully initiated and pursued through the use of false testimony.[1]

In Arizona (as in the rest of the United States), "[t]he continued possession of a validly issued driver's license is a constitutionally protected interest for which due process

---

[1] Defendant also criticizes Plaintiff's reliance on *Owens v. Keazer*, 795 F.Supp. 372, because, according to Defendant, the case involved "Kansas law" and did "not provide any detail as to the underlying nature of that action." Again, Defendant's position is misplaced. *Owens* involved a § 1983 civil rights claim against an officer who initiated a license revocation proceeding and gave false testimony at an administrative hearing. In holding that the case would not be dismissed based upon the doctrine of witness immunity, the district court noted that the plaintiff's claim was most like a § 1983 malicious prosecution claim. *Owens*, 795 F.Supp. at 373. The Tenth Circuit, like the Ninth Circuit, recognizes a claim for federal malicious prosecution under § 1983. *See Myers v. Koopman*, 738 F.3d 1190, 1195 (10th Cir. 2013), *as amended on denial of reh'g* (Jan. 8, 2014).

**CG0064**

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

may require a hearing prior to suspension." *Knapp v. Miller*, 165 Ariz. 527, 532, 799 P.2d 868, 873 (App. 1990) (citing *Bell v. Burson,* 402 U.S. 535, 542, 91 S.Ct. 1586, 1591, 29 L.Ed.2d 90, 96 (1971)). When it enacted the implied consent statute, the Arizona legislature included two important measures to protect each driver's liberty interest in the continued possession of his or her license. The first measure is the driver's ability to avoid the implied consent suspension by expressly consenting—or recanting a prior refusal—to the blood or breath test before a search warrant is issued. A.R.S. § 28-1321(A); *see also Koller v. Arizona Dept. of Transp., Motor Vehicle Div.*, 195 Ariz. 343, 346, ¶ 15, 988 P.2d 128, 131 (App. 1999). The second measure is the availability of an administrative hearing in which the implied consent suspension will be upheld only where the State proves that (1) a law enforcement officer had reasonable grounds to believe that the person was driving or was in actual physical control of a motor vehicle while under the influence of drugs or alcohol; (2) the person was placed under arrest; (3) the person refused to submit to the test; and (4) the person was informed of the consequences of refusal. A.R.S. § 28-1321(K). When an arresting officer disregards a driver's express consent (or recantation of a prior refusal) to take the test and subsequently lies about that at an administrative hearing, the driver is deprived of a fair opportunity to be heard, and his driving privileges are unreasonably and unlawfully seized.

In contrast with *Tornabene*, Plaintiff in this case is not challenging the validity of the stop, nor does he claim that the exclusionary rule should have applied at his administrative hearing. Plaintiff's § 1983 malicious prosecution claim states that Officer Rush wrongfully initiated and pursued the implied consent suspension proceeding to deprive Plaintiff of his liberty interest in the possession of his driver's license and the guarantees of due process. *See Napue v. People of State of Ill.*, 360 U.S. 264, 269, 79 S. Ct. 1173, 1177, 3 L. Ed. 2d 1217 (1959) (holding the state's knowing use of perjured testimony to secure a conviction violates the Due Process Clause of the Fourteenth Amendment); *Ketchum v. U.S. Dept. of Transp.*, 672 F. Supp. 450, 452 (D. Nev. 1987), *aff'd,* 889 F.2d 1095 (9th Cir. 1989) (holding plaintiff air traffic controller's

CG0065

complaint stated a claim for denial of his due process rights where plaintiff alleged that his supervisor caused his termination by giving perjured testimony at administrative hearing). Officer Rush knew that Plaintiff had given his express consent to the blood draw before a search warrant was issued, and, for that reason, he knew that there was no cause to initiate the implied consent suspension. Officer Rush's intent to deprive Plaintiff of his driving privileges and due process is further evidenced by his false testimony at the administrative hearing. By falsely testifying that Plaintiff had not consented to the blood test, Officer Rush caused the administrative law judge to affirm the twelve-month implied consent suspension. Based on these facts as set forth in the proposed FAC, Plaintiff has properly pled a § 1983 malicious prosecution claim, and the proposed amendment should be allowed. *See Timmons v. Ross Dress For Less, Inc.*, 234 Ariz. 569, 573, ¶ 18, 324 P.3d 855, 859 (App. 2014) (finding denial of motion for leave to amend based on alleged futility was improper where, assuming the facts in the proposed amended complaint were true, a reasonable jury could have found in favor of plaintiff on premises liability claim).

## II. <u>Conclusion</u>

Based on the foregoing, Plaintiff respectfully requests that the Court grant his Motion and allow leave to file the proposed FAC.

RESPECTFULLY SUBMITTED: March 28, 2019

**ROBBINS & CURTIN, p.l.l.c.**


By: _____/s/ Joel B. Robbins_____
        Joel B. Robbins
        *Attorney for Appellant Adrian Miranda*

CG0066

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

**CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2019, I electronically transmitted the attached document to the Court Clerk's Office using the TurboCourt System for filing and transmittal of a Notice of Electronic Filing to the following TurboCourt registrants:

Larry J. Crown
Elan S. Mizrahi
TITUS, BRUECKNER & LEVINE, PLC
8355 E. Hartford Dr., #200
Scottsdale, AZ    85255
lcrown@tbl-law.com
elan@tbl-law.com
(kmeister@tbl-law.com)
*Attorneys for Defendant City of Casa Grande*

By ____/s/ Cricket Bourget_____

CG0067

Joel B. Robbins
Lauren E. Channell
ROBBINS & CURTIN, P.L.L.C.
301 E. Bethany Home, #B-100
Phoenix, AZ     85012-0001
Telephone: 602-285-0100
Fax: 602-265-0267
joel@robbinsandcurtin.com
reception@robbinsandcurtin.com

*Attorneys for Plaintiff*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF PINAL**

| | |
|---|---|
| **Adrian Miranda**, an individual, | Case No. **S1100CV201801191** |
| Plaintiff, | STIPULATED MOTION FOR AMENDMENT OF SCHEDULING ORDER |
| vs. | |
| **City of Casa Grande**, a municipality, | (Assigned to the Honorable Robert Olson) |
| Defendant. | |

Counsel for the parties hereto, in consideration of the few remaining discovery matters herein and the expiration of certain case management deadlines while awaiting the Court's ruling on Plaintiff's Motion for Leave to File First Amended Complaint (which is fully briefed as of March 28, 2019), and the trial schedules and other calendar commitments of counsel, hereby move the Court to extend the case management deadlines as contemplated in the proposed Amended Scheduling Order attached hereto as ***Exhibit 1***.

DATED:  May 1, 2019.

**ROBBINS & CURTIN, p.l.l.c.**

By:  _____/s/  Joel B. Robbins_____
            Joel B. Robbins
            *Attorney for Plaintiff Adrian Miranda*

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ◆ Fax:  (602) 265-0267

CG0068

**TITUS, BRUECKNER & LEVINE, PLC**


By:     /s/ w/permission   Larry J. Crown
            Larry J. Crown
            *Attorney for Defendant City of Casa Grande*


**CERTIFICATE OF SERVICE**

      I hereby certify that on May 1, 2019, I electronically transmitted the attached document to the Court Clerk's Office using the TurboCourt System for filing and transmittal of a Notice of Electronic Filing to the following TurboCourt registrants:

Larry J. Crown
Elan S. Mizrahi
TITUS, BRUECKNER & LEVINE, PLC
8355 E. Hartford Dr., #200
Scottsdale, AZ     85255
lcrown@tbl-law.com
elan@tbl-law.com
(kmeister@tbl-law.com)
*Attorneys for Defendant City of Casa Grande*

By    /s/   Cricket Bourget

**ROBBINS & CURTIN, P.L.L.C.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

CG0069

FILED
Amanda Stanford
CLERK, SUPERIOR COURT
01/07/2019  9:30AM
BY: SGLORIA
DEPUTY

# IN THE SUPERIOR COURT

## PINAL COUNTY, STATE OF ARIZONA

### Date: January 7, 2019

THE HONORABLE ROBERT CARTER OLSON

| | |
|---|---|
| IN RE THE MATTER OF: | **S1100CV201801191** |
| **Adrian Miranda** PLAINTIFF | **ORDER RE:** **Reassignment** **& Case Management** |
| AND | |
| **City of Casa Grande** DEFENDANT | |

**IT IS HEREBY ORDERED** <u>reassigning</u> this matter to the Hon. Robert Carter Olson for all further proceedings, pursuant to the administrative direction of the Presiding Judge.

**IT IS FURTHER ORDERED** <u>vacating</u> the Inactive Dismissal (for no service) previously set on <u>Friday, January 11, 2019</u>, at 9:00 a.m. before the Hon. Brenda Oldham.

**IT IS FURTHER ORDERED** <u>vacating</u> the Trial-Setting Conference previously set on <u>Friday, July 12, 2019</u>, at 9:00 a.m. before the Hon. Brenda Oldham.

**IT IS FURTHER ORDERED** <u>setting</u> this matter for Trial-Setting Conference on <u>Wednesday, July 17, 2019</u>, at 1:30 p.m. before the Hon. Robert Carter Olson. Counsel may appear telephonically by providing the Court's Judicial Assistant (Norma Ortega) with a landline telephone number not less than three judicial days in advance of the hearing.  This Division may be contacted at (520) 866-5572 or nortega@courts.az.gov.  The Court will call as soon as the Court's calendar permits.

signed by rolson  01/07/2019 07:48:37 P99-SYON

CG0070

Emailed/Mailed/Distributed Copy:

JOEL B. ROBBINS
kim@robbinsandcurtin.com

LARRY J. CROWN
lcrown@tbl-law.com

OFFICE DISTRIBUTION:
JUDGE/OLSON
JAA/NORTEGA

CG0071

FILED
Amanda Stanford
CLERK, SUPERIOR COURT
01/02/2019 1:19PM
BY: RPERRONE
DEPUTY

# IN THE SUPERIOR COURT

## PINAL COUNTY, STATE OF ARIZONA

### Date: December 28, 2018

THE HONORABLE ROBERT CARTER OLSON

| IN RE THE MATTER OF: | **S1100CV201800213** |
|---|---|
| **ADRIAN MIRANDA**<br>PLAINTIFF | **ORDER RE:**<br>**Reassignment & Dismissal** |
| AND | |
| **ARIZONA DEPARTMENT OF TRANSPORTATION**<br>DEFENDANT | |

**IT IS HEREBY ORDERED** reassigning this matter to the Hon. Robert Carter Olson for all further proceedings, pursuant to the administrative direction of the Presiding Judge.

This petition for review of an administrative decision having been withdrawn and dismissed. This matter is concluded.

**IT IS FURTHER ORDERED** vacating all future calendar dates; closing this file; and this is a final judgment, pursuant to Civil Rule 54(c).

signed by rolson 12/28/2018 14:22:56 SOBIME75

CG0072

Emailed/Mailed/Distributed Copy:

JOEL B. ROBBINS
reception@robbinsandcurtin.com
kim@robbinsandcurtin.com

MICHAEL RASSAS
2005 N. CENTRAL AVE.
PHOENIX, AZ  85004


OFFICE DISTRIBUTION:
JUDGE/OLSON
JAA/NORTEGA

CG0073

FILED
Amanda Stanford
CLERK, SUPERIOR COURT
06/04/2019 3:37PM
BY: RPERRONE
DEPUTY

# IN THE SUPERIOR COURT

## PINAL COUNTY, STATE OF ARIZONA

Date: June 4, 2019

### THE HONORABLE ROBERT CARTER OLSON

| | |
|---|---|
| IN RE THE MATTER OF: | **S1100CV201801191** |
| **Adrian Miranda** PLAINTIFF | **ORDER RE: Ruling on** *Plaintiff's Renewed Motion for Leave to File First Amended Complaint* |
| AND | |
| **City of Casa Grande, et al.** DEFENDANTS | |

The Court having considered *Plaintiff's Renewed Motion for Leave to File First Amended Complaint*, which is fully briefed, and no party has requested oral argument,

**IT IS HEREBY ORDERED** granting Plaintiff's motion in part, to wit:

Specifically, Plaintiff may file a *First Amended Complaint* that is modified to reflect that the Fourth Count is styled as a *Wrongful Initiation of Civil Proceedings*, rather than *Malicious Prosecution*, which seems to be the proper name for the stated claim. Additionally, it appears to the Court that the Federal Constitutional claim is limited to an allegation of a violation of *Due Process* as guaranteed by the *Fourteenth Amendment*. The Court has not identified a basis for a claim under the *Fourth* or *Fifth Amendment*. See *Wolfinger v. Cheche*, 206 Ariz. 504 (App. 2003) and *Bell v. Burson*, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed2d 90 (1971)

Plaintiff may file his First Amended Complaint in conformity with the limitations set forth above. This ruling is for the limited purpose of the standard set forth for amendment in Civil Rule 15(a)(2). It shall not preclude any future Civil Rule 56 proceeding on the substantive issues raised by this motion, if warranted.

eSigned by Olson,Robert 06/04/2019 15:35:40 .wd49hC

CG0074

Emailed/Mailed/Distributed Copy:

JOEL B. ROBBINS
reception@robbinsandcurtin.com

LARRY J. CROWN
lcrown@tbl-law.com

OFFICE DISTRIBUTION:
JUDGE/OLSON
JAA/NORTEGA

FILED
Amanda Stanford
CLERK, SUPERIOR COURT
06/04/2019 3:45PM
BY: RPERRONE
DEPUTY

1    Joel B. Robbins
    Lauren E. Channell
2    ROBBINS & CURTIN, P.L.L.C.
    301 E. Bethany Home, #B-100
3    Phoenix, AZ    85012-0001
    Telephone: 602-285-0100
4    Fax: 602-265-0267
5    joel@robbinsandcurtin.com
    reception@robbinsandcurtin.com
6

7    *Attorneys for Plaintiff*

8    **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9    **IN AND FOR THE COUNTY OF PINAL**

| | |
|---|---|
| 10 **Adrian Miranda**, an individual, | Case No. **S1100CV201801191** |
| 11         Plaintiff, | AMENDED SCHEDULING ORDER |
| 12   vs. | (Tier 2 case) |
| 13 **City of Casa Grande**, a municipality, | |
| 14         Defendant. | |

15

16

17    Upon consideration of the parties' stipulated motion, and good cause appearing, the

18  court orders as follows:

19    This case is assigned to discovery Tier 2, pursuant to Rule 26.2.

20    1.    **Initial disclosure:** The parties have exchanged their initial disclosure

21  statements.

22    2.    **Expert witness disclosure:** The parties shall simultaneously disclose their

23  rebuttal expert opinions by **Friday, June 28, 2019**.

24    3.    **Final supplemental disclosure:** Each party shall provide final supplemental

25  disclosure by **Wednesday, July 31, 2019**.  This order does not replace the parties'

26  obligation to seasonably disclose Rule 26.1 information on an on-going basis and as it

27  becomes available.

28

*Left margin (vertical text):*
ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ◆ Fax: (602) 265-0267

**CG0076**

No party shall use any lay witness, expert witness, expert opinion, or exhibit at trial not disclosed in a timely manner, except upon order of the court for good cause shown or upon a written or an on-the-record agreement of the parties.

4. **Discovery deadlines:** The parties will complete the depositions of parties and lay witnesses, and complete all other discovery, by **Friday, August 30, 2019**. ("Complete discovery" includes conclusion of all depositions and submission of full and final responses to written discovery.)

5. **Private mediation:** The parties shall participate in mediation using a private mediator agreed to by the parties. The parties shall complete the mediation by **Wednesday, October 30, 2019**.

All attorneys and their clients, all self-represented parties, and any non-attorney representatives who have full and complete authority to settle this case shall personally appear and participate in good faith in this mediation, even if no settlement is expected. However, if a non-attorney representative requests a telephonic appearance and the mediator grants the request prior to the mediation date, a non-attorney representative may appear telephonically.

6. **Dispositive motions and trial:** The parties shall file all dispositive motions by **Friday, November 15, 2019**. The parties propose a trial date of no later than **Monday, March 16, 2020** and anticipate the number of days for trial to be **three (3)** days.

7. **Trial setting conference:** The pretrial conference shall be rescheduled to **Wednesday, November 20, 2019 at 2:30 p.m.** If telephonic appearance is desired by any party, that party must contact the judicial assistant, Norma Ortega (520-866-5572), at least 3 days prior to the conference to provide a landline telephone number. The Court will call on the scheduled date as soon as the judicial calendar of that day permits.

8. **Firm dates:** No stipulation of the parties that alters a filing deadline or a hearing date contained in this scheduling order will be effective without an order of this court approving the stipulation. Dates set forth in this order that govern court filing or

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

CG0077

hearings are firm dates, and may be modified only with this court's consent and for good cause.  This court ordinarily will not consider a lack of preparation as good cause.

9. **Further orders:** This court further orders as follows:  **NONE**.

eSigned by Olson,Robert  06/04/2019 15:42:05 dIMpMMfL

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax:  (602) 265-0267

CG0078

# EXHIBIT 1

CG0079

Joel B. Robbins, #011065
Lauren E. Channell, #033484
ROBBINS & CURTIN, P.L.L.C.
301 E. Bethany Home, #B-100
Phoenix, AZ    85012-0001
Telephone: 602-285-0100
Facsimile: 602-265-0267
joel@robbinsandcurtin.com
reception@robbinsandcurtin.com

*Attorneys for Plaintiff*

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF PINAL

| | |
|---|---|
| **ADRIAN MIRANDA**, an individual, | Case No. S1100CV201801191 |
| Plaintiff, | (proposed) |
| vs. | **FIRST AMENDED COMPLAINT** |
| **CITY OF CASA GRANDE**, a municipality; and **RICHARD RUSH**, in his individual capacity as an Officer of the Casa Grande Police Department, | (Assigned to the Honorable Robert C. Olson) |
| Defendants. | |

Plaintiff, Adrian Miranda, complains against Defendant City of Casa Grande and Defendant Richard Rush and alleges as follows:

## PARTIES

1.     Adrian Miranda (hereinafter "Plaintiff") is a resident of Pinal County, Arizona.

2.     Defendant City of Casa Grande is a municipality and a political subdivision of the State of Arizona, organized and existing under the laws of the State of Arizona.

3.     Defendant Richard Rush, at all times alleged herein, was a police officer employed by the City of Casa Grande acting within the course and scope of his

CG0080

**ROBBINS & CURTIN, P.L.L.C.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

1    employment and under the color of state law.  He is a "state actor" as that term is used

2    under the jurisprudence of 42 U.S.C. § 1983.

3        ~~3.~~4.    For all state law claims asserted in this matter, Defendant City of Casa

4    Grande is liable for the acts and omissions of their employees within the scope of their

5    employment, including officers and other employees of the Casa Grande Police

6    Department, under the doctrine of *respondeat superior*.

7                                      **JURISDICTION AND VENUE**

8        ~~4.~~5.    Plaintiff has satisfied the provisions of A.R.S. § 12-821.01 by serving a

9    timely Notice of Claim upon Defendant City of Casa Grande more than sixty (60) days

10   prior to the date of filing this Complaint.  By operation of statute, the claim is deemed

11   denied.

12       ~~5.~~6.    The amount in controversy exceeds the jurisdictional threshold of the Court.

13       ~~6.~~7.    Jurisdiction and venue are proper in this Court pursuant to A.R.S. § 12-401

14   because the events underlying this lawsuit occurred in Pinal County, Arizona.

15       ~~7.~~8.    Plaintiff demands a jury trial.

16                                      **GENERAL ALLEGATIONS**

17   A) **The ~~u~~Underlying ~~e~~Events.**

18       ~~8.~~9.    On the evening of July 6, 2017, Plaintiff Adrian Miranda went bowling with

19   his children and two friends.

20       ~~9.~~10.   Plaintiff's son, ~~Adrian Jr.~~Adrian Matthew Miranda ("Matthew"), drove the

21   group home because Plaintiff had been drinking at the bowling alley.

22       ~~10.~~11. On the way home, Plaintiff became incoherent and agitated, possibly due to a

23   negative interaction between a medical condition Plaintiff was experiencing and the

24   alcohol he had consumed.

25       ~~11.~~12. ~~Adrian Jr.~~Matthew drove Plaintiff's Ford F-250 into their neighborhood and

26   stopped the truck at a stop sign.

27       ~~12.~~13. Plaintiff got out of the truck and began yelling incoherently.

28

CG0081

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

13.14. ~~Adrian Jr.~~Matthew removed the keys and got out of the truck to check on Plaintiff.

14.15. Plaintiff's daughter also got out of the truck and went home to get her other older brother, Eric.

15.16. When Eric arrived at the scene, ~~Adrian Jr.~~Matthew gave the Ford F-250 keys to him.

16.17. Eric and ~~Adrian Jr.~~Matthew, worried for their father's safety, forced Plaintiff into the driver's seat of the truck to keep him safe and prevent him from walking into the road until he was able to calm down.

17.18. A neighbor heard the commotion and contacted the Casa Grande Police Department.

18.19. At approximately 9:11 p.m., Officer Richard Rush and Officer Campa of the Casa Grande Police Department arrived at the scene and found Plaintiff sitting in the driver's seat of the inactive truck.

19.20. Eric gave the truck keys to the officers, and both Eric and ~~Adrian Jr.~~Matthew informed the officers that Plaintiff had not been driving.

20.21. The officers arrested Plaintiff for disorderly conduct and failure to comply with law enforcement and transported him to the Casa Grande Police Station.

**B)** **Officer Rush** ~~Lies to Obtain a Search Warrant for Plaintiff's Blood Draw~~ **suspends Plaintiff's driver's license despite knowing that Plaintiff consented to a blood test.**

21.22. After learning that Plaintiff was a U.S. Border Patrol Agent, Officer Rush told an intake officer, ***"I got another live one. He's Border Patrol. No matter what he's already lost his license for a year."***

22.23. The officers repeatedly tried to trick Plaintiff, who was confused and disoriented, including by attempting to mislead Plaintiff by telling him they found a second set of keys with a green fob in the Ford F-250.

CG0082

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

23.24. Plaintiff responded by informing the officers that the key ring with the green fob belonged to his work vehicle (a Dodge) and did not contain a key to the Ford F-250.



25.    Officer Rush conducted a field sobriety test and subsequently arrested Plaintiff for driving under the influence, even though Plaintiff consistently stated that his son was the designated driver and that Plaintiff had not been driving and did not have the keys to the truck.

24.26. Officer Rush knew that Plaintiff had not been in possession of the Ford F-250 keys and that Plaintiff's son had been the designated driver; therefore, Officer Rush had no reason to believe that Plaintiff had been driving or in actual physical control of the truck.

25.27. Officer Rush asked Plaintiff to submit to a blood test under Arizona's implied consent law, A.R.S. § 28-1321, and Plaintiff—who was still disoriented and incoherent—appeared to refuse to consent to the test.

26.28. Officer Rush left the room while another officer, Officer McKinney, remained in the room with Plaintiff.

27.29. At approximately 10:10 p.m., while in the room with Officer McKinney, Plaintiff expressly gave his consent to the blood test.  The exchange between Plaintiff and Officer McKinney was caught on the police station's video surveillance cameras:

> Plaintiff: Hey brother, hey, let the officer know I'm doing the, the bloodwork.
>
> Officer McKinney: You want me to let them know you're doing bloodwork?
>
> Plaintiff: Yeah, I'm doing bloodwork.
>
> Officer McKinney: Alright.

CG0083

**ROBBINS & CURTIN, P.L.L.C.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

1  28.30.  Officer McKinney immediately found Officer Rush and informed him that

2  Plaintiff had consented to the blood test.  The video surveillance camera captured Officer

3  Rush's understanding that Plaintiff had granted permission for the blood test:

4        Officer McKinney: He says he's doing bloodwork.

5        Officer Rush: "He said he's doing bloodwork?"

6        Officer McKinney: "Yes."

7        Officer Rush: "Oh, no [expletive]."

8        Officer McKinney: Yep.

9  29.31.  At 10:26 p.m., despite knowing that Adrian had consented to the blood test,

10  Officer Rush executed an Affidavit in Support of Tele-Fax/Telephonic Search Warrant and

11  called Judge Ellsworth of the Casa Grande Justice Court to request a telephonic search

12  warrant for Plaintiff's blood draw.

13  30.32. In order to procure the search warrant, Officer Rush testified falsely that

14  Plaintiff had refused to consent to the test and that the truck's engine had been running

15  while Plaintiff was in the driver's seat.

16  31.33.  Upon information and belief, Officer Campa was present for and witnessed

17  the proceeding.

18  34.    Judge Ellsworth issued the search warrant.

19  32.35. Officer Rush returned to the room where Plaintiff was being held and told

20  Plaintiff that his driver's license was suspended for twelve months.

21  33.36. The search warrant was executed at 11:59 p.m.

22  **C) Officer Rush lLies at the aAdministrative hHearing wWhen aAsked wWhether**

23  **pPlaintiff cConsented to a bBlood tTest.**

24  34.37. On or about September 12, 2017, the Arizona Department of Transportation

25  ("ADOT") held an administrative hearing pursuant to A.R.S. § 28-1321 to determine

26  whether to impose a twelve-month implied-consent suspension of Plaintiff's driver's

27  license.

28

CG0084

**ROBBINS & CURTIN, P.L.L.C.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

38.   At the administrative hearing, Officer Rush concealed the fact that Plaintiff had consented to the blood test before he obtained the search warrant.falsely testified before Administrative Law Judge ("ALJ") Henderson that Plaintiff had refused to consent to the blood test.

35.39. When ALJ Henderson asked whether Plaintiff had recanted his refusal to take the blood test, Officer Rush falsely testified as follows:

> Judge Henderson: At any point before the service of the warrant did the Petitioner change his mind and tell you that he would take the test?
>
> Officer Rush: No, ma'am.

36.40. Officer Rush also falsely testified that the truck's engine had been running and that Plaintiff's son reached through the passenger-side window and removed the keys while Plaintiff was seated in the driver's seat.

37.41. At that timePlaintiff was deprived of a fair opportunity to cross-examine Officer Rush at the hearing because, the video surveillance recordings, which directly contradict Officer Rush's testimony, had not been disclosed or made available to Plaintiff., T and therefore, the video surveillance recordings were not admitted at the administrative hearing.

38.42. On September 14, 2017, the ALJ entered an order affirming the suspension of Plaintiff's license for a period of twelve months beginning on October 12, 2017.  The ALJ's decision was based Officer Rush's false testimony that Plaintiff had been seated in a running vehicle and had refused to submit to the test and "[a]t no point before the service of the warrant did the Petitioner change his mind and recant."

39.43. When the video recordings were finally made available to Plaintiff, it became clear that the video recordings established that Plaintiff had consented to the blood test and that Officer Rush had provided false testimony at the administrative hearing.

40.44. Plaintiff appealed the administrative decision, and Plaintiff and ADOT subsequently stipulated to remand the case to the administrative agency for a rehearing.

CG0085

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

45.    Plaintiff's license suspension was stayed on or about March 23, 2018, pending the outcome of the administrative rehearing.

46.    The rehearing was held on July 12, 2018 before ALJ Reid.

47.    ALJ Reid determined that Plaintiff had recanted his initial refusal and consented to the blood test, and therefore, the scope of the implied consent proceeding under A.R.S. § 28-1321 had not been met.

48.    ALJ Reid voided the previous order of suspension.

41.49. Plaintiff's driver's license was reinstated.

42.50. From the time that Plaintiff's license was suspended on October 12, 2017 to the time the suspension was stayed on March 23, 2018, Plaintiff was reassigned from his normal work duties as an active U.S. Border Patrol agent to a non-patrol assignment, which paid $869.00 less per pay period.

43.51. Officer Rush's false statementsactions resulted in the loss of Plaintiff's driving privileges, jeopardized Plaintiff's job, and caused Plaintiff to suffer considerable lost wages and other damages.

## COUNT I

### Negligence/Gross Negligence

44.52. Plaintiff re-alleges the foregoing paragraphs as if fully set forth herein.

45.53. Defendant City of Casa Grande knew, or should have known, that the investigation and arrest of Plaintiff for driving under the influence was meritless.

46.54. Defendant knew, or should have known, that there was no probable cause to believe Plaintiff had been driving or was in actual physical control of the truck.

47.55. Moreover, Defendant and its officers knew that Plaintiff provided his consent to have his blood drawn, and therefore, there was no basis to suspend Plaintiff's license pursuant to the implied consent statute, A.R.S. § 28-1321.

48.56. Defendant knew that its officers had investigatory powers that gave them the ability to cause significant damage to those they investigated.

CG0086

**ROBBINS & CURTIN, P.L.L.C.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ◆ Fax: (602) 265-0267

49.57. Defendants failed to adequately train and supervise its police officers, including Officer Rush.

50.58. Plaintiff suffered damages as a result of Defendant's negligent or grossly negligent failure to train and supervise its officers regarding investigations and appropriate investigatory methods.

## COUNT II

### Abuse of Process

51.59. Plaintiff re-alleges the foregoing paragraphs as if fully set forth herein.

52.60. The elements for an abuse of process claim are "an ulterior purpose and a willful act in the use of judicial process not proper in the regular conduct of the proceeding." *Bird v. Rothman*, 128 Ariz. 599, 602, 627 P.2d 1097, 1100 (App. 1981).

53.61. Defendant City of Casa Grande, through its employees, had an ulterior purpose for its deprivation of Plaintiff's driver's license.

54.62. Defendant's ulterior motive is apparent from Officer Rush's statement to an intake officer: "I got another live one. He's Border Patrol. No matter what he's already lost his license for a year."

55.63. Officer Rush knew that Plaintiff was a Border Patrol employee and knew or should have known that Plaintiff was required to possess a valid driver's license for his job.

56.64. Officer Rush knew that lying about Plaintiff's consent to the implied consent blood test when he obtained the telephonic search warrant and when he testified at the subsequent administrative hearing would result in Plaintiff losing his driver's license for twelve months.

57.65. Officer Rush took willful action and improperly used the judicial process when he demanded that Plaintiff submit to the implied consent blood test, ignored Plaintiff's consent to the test, misstated and concealed evidence when obtaining the telephonic search warrant, and misstated and concealed evidence when testifying in the administrative hearing.

CG0087

58. 66. Defendant's abuse of process caused injury, damage, or loss to Plaintiff.

## COUNT III

### Intentional Infliction of Emotional Distress (City of Casa Grande)

59. 67. Plaintiff re-alleges the foregoing paragraphs as if fully set forth herein.

60. 68. The actions of Defendant City of Casa Grande and its agents and employees were intentional and/or reckless.

61. 69. Defendant's conduct was extreme and outrageous.

62. 70. Defendant's actions caused Plaintiff to suffer emotional distress.

63. 71. Plaintiff has suffered and continues to suffer extreme emotional distress as a result of Defendant's conduct.

### COUNT IV

### 42 U.S.C. § 1983 Malicious Prosecution (Defendant Rush)

72. Plaintiff re-alleges the foregoing paragraphs as if fully set forth herein.

73. Officer Rush knew there was no reason to suspect that Plaintiff had been driving or had been in active physical control of the truck, and Officer Rush knew that Plaintiff had consented to the blood test.

74. Officer Rush initiated and pursued the implied-consent suspension of Plaintiff's driver's license despite his knowledge that Plaintiff had not been driving or in active physical control of the truck and had consented to the blood test.

75. Officer Rush knew that Plaintiff had consented to the blood test before Officer Rush obtained the search warrant, but Officer Rush failed to notify the Administrative Law Judge of that evidence.

76. Officer Rush was acting under color of state law.

77. Officer Rush caused the implied-consent suspension of Plaintiff's driver's license for the purpose of violating Plaintiff's constitutional rights.

78. Officer Rush's violation of Plaintiff's constitutional rights resulted in damages to Plaintiff, including the loss of his driving privileges, economic losses, and emotional distress.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

CG0088

79. Officer Rush is liable for all damages that resulted from the violation of Plaintiff's constitutional rights.

### **JURY DEMAND**

~~64.~~80. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. For special and general compensatory damages;

B. For other general damages, including but not limited to, mental and emotional pain and suffering, loss of enjoyment of life, and damage to reputation;

C. For exemplary damages to the extent permitted by law;

D. For taxable costs and pre- and post-judgment interest to the extent permitted by law; and

E. For such other relief as the Court deems just and appropriate.

RESPECTFULLY SUBMITTED:  January _____, 2019

**ROBBINS & CURTIN, p.l.l.c.**

By: _____

Joel B. Robbins
*Attorney for Appellant Adrian Miranda*

**ROBBINS & CURTIN, P.L.L.C.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ◆ Fax: (602) 265-0267

CG0089

## CERTIFICATE OF SERVICE

_____ I hereby certify that on January _____, 2019, I electronically transmitted the attached document to the Court Clerk's Office using the TurboCourt System for filing and transmittal of a Notice of Electronic Filing to the following TurboCourt registrants:

Larry J. Crown
Elan S. Mizrahi
TITUS, BRUECKNER & LEVINE, PLC
8355 E. Hartford Dr., #200
Scottsdale, AZ    85255
lcrown@tbl-law.com
elan@tbl-law.com
(kmeister@tbl-law.com)
*Attorneys for Defendant City of Casa Grande*

By _____

CG0090

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ◆ Fax: (602) 265-0267

Joel B. Robbins, #011065
Lauren E. Channell, #033484
ROBBINS & CURTIN, P.L.L.C.
301 E. Bethany Home, #B-100
Phoenix, AZ    85012-0001
Telephone: 602-285-0100
joel@robbinsandcurtin.com
lauren@robbinsandcurtin.com

*Attorneys for Plaintiff*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF PINAL**

| | |
|---|---|
| Adrian Miranda, an individual, | Case No. S1100CV201801191 |
| Plaintiff, | **NOTICE OF ACCEPTANCE OF SERVICE BY COUNSEL FOR DEFENDANT RUSH** |
| vs. | |
| City of Casa Grande, a municipality; Richard Rush, in his individual capacity as an Officer of the Casa Grande Police Department, | (Assigned to the Honorable Robert C. Olson) |
| Defendants. | |

Notice is hereby given that Larry Crown of the firm of Titus, Brueckner & Levine, counsel for the City of Casa Grande, has agreed to and did in fact accept service of Plaintiff's First Amended Complaint on behalf of Defendant Richard Rush. This Notice of Acceptance of Service is prepared and filed by Plaintiff's counsel at defense counsel's request.

RESPECTFULLY SUBMITTED:  June 21, 2019

**ROBBINS & CURTIN, p.l.l.c.**


By:  _____/s/  Joel B. Robbins_____
Joel B. Robbins
*Attorney for Appellant Adrian Miranda*

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax:  (602) 265-0267

CG0091

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

**CERTIFICATE OF SERVICE**

I hereby certify that on June 21, 2019, I electronically transmitted the attached document to the Court Clerk's Office using the TurboCourt System for filing and transmittal of a Notice of Electronic Filing to the following TurboCourt registrants:

Larry J. Crown
Elan S. Mizrahi
TITUS, BRUECKNER & LEVINE, PLC
8355 E. Hartford Dr., #200
Scottsdale, AZ    85255
lcrown@tbl-law.com
elan@tbl-law.com
(kmeister@tbl-law.com)
*Attorneys for Defendant City of Casa Grande*

By ___/s/  Cricket Bourget_____

CG0092